Edgar Martirosyan SBN 260250
MARTIROSYAN P.C.
15720 Ventura Blvd., Suite 229
Encino, CA 91436
Telephone: (818) 528-8700
Facsimile: (818) 528-8704
Email: em@mpclegal.com

Attorney for Defendant,
PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ARTHUR AFIONYAN, and STATE OF CALIFORNIA ex rel. AFIONYAN<br><br>Plaintiffs,<br><br>vs.<br><br>PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.<br>  Defendant.<br>_____ | Case No: CV 16-03268-JFW (KSx)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.** |

Defendant PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO. (hereinafter referred to as "PLS") answers the Complaint and admits, denies, and alleges as follows:

## PRELIMINARY STATEMENT

The unnumbered allegations, including headings, contained in the Complaint constitute legal conclusions and/or rhetoric for which no response is necessary. However, insofar such allegations are construed to pertain to alleged wrongdoing by PLS or are otherwise directed at PLS, and have not been otherwise specifically addressed herein, in submitting its Answer and Defenses to the Complaint, PLS denies all those allegations, including any legal

conclusions or headings to which a response may be required.

# ANSWER

In response to the unnumbered allegation in the beginning paragraph of the Complaint, PLS admits that Relator purports to bring his *qui tam* Complaint for treble damages and civil monetary penalties against PLS, on behalf of the United States of America pursuant to the United States False Claims Act, 31 U.S.C. §§ 3729-33, and on behalf of the State of California pursuant to the California False Claims Act, Cal. Gov. Code § 12650-12656, for all of which PLS denies any liability. PLS further specifically denies that it has engaged in a scheme to defraud government health care programs.

In response the specific allegations in the enumerated paragraphs of the Complaint, PLS answers as follows:

## I. INTRODUCTION

1. In answering paragraph 1, PLS admits that Plaintiff/Relator Arthur Afionyan (hereinafter "Plaintiff" and/or "Relator") is an individual and that he alleges he has brought this action on behalf of the United States of America to recover damages and civil penalties against PLS pursuant to the Federal Civil False Claims Act. Title 31 U.S.C. §§ 3729 et seq. ("FCA").

2. In answering paragraph 2, PLS denies the allegations contained therein.

3. In answering paragraph 3, PLS admits that FCA and 31 U.S.C. § 3730(b)(2) speak for themselves as duly adopted laws. Except as expressly admitted, PLS lacks information and belief sufficient to answer the remaining allegations contained in paragraph 3.

## II. PARTIES

### A. Plaintiff/Relator

4. In answering paragraph 4, PLS admits that Plaintiff/Relator is an individual and that he alleges he has brought this action on behalf of himself,

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.

2

1  the United States of America, and the State of California under its state False
2  Claims Act statute. PLS further admits that Relator was employed with PLS.
3  PLS lacks information and belief sufficient to admit or deny whether Relator is
4  the only, and original source of the allegations regarding the FCA violations
5  alleged in the Complaint.  PLS denies the remaining allegations contained in
6  paragraph 4.

**B.    PLS**

5.    In answering paragraph 5, PLS denies that it manufactures and sells 3D Foot Scanners. Except as expressly denied, PLS admits the remaining allegations contained in paragraph 5.

6.    In answering paragraph 6, PLS admits the allegations contained therein.

7.    In answering paragraph 7, PLS admits the allegations contained therein.

8.    In answering paragraph 8, PLS admits that the company currently known as PLS was founded in 1997, but denies that it was PLS since its founding. As such, not having been in existence in 1997, PLS denies having marketed or sold any products since 1997. PLS, however, admits that it manufactures custom products for diabetic patients. PLS admits that some of its products can reduce the risk of diabetes-related ulcers in the feet and amputation.  PLS further admits that its products are in compliance with all applicable standards/codes. Except as expressly admitted or denied, PLS denies the remaining allegations contained in paragraph 8.

**III.   BACKGROUND**

**A.    Diabetes and Customized Orthotics**

9.    In answering paragraph 9, PLS admits that customized diabetic insoles are generally made by creating a mold of the actual feet or utilizing 3D scanning technology and software. PLS lacks information and belief sufficient

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB
SPECIALIST CUSTOM SHOE CO.

3

to admit or deny the remaining allegations contained in paragraph 9.

10. In answering paragraph 10, PLS admits that it sells custom designed orthotic products. Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 10.

In answering footnote 1 to paragraph 10, PLS lacks information and belief to admit or deny the existence of code A5502 or of the content contained therein.

11. In answering paragraph 11, PLS admits that the Medicare Benefit Policy Manual speaks for itself as duly adopted policy. Except as expressly admitted, PLS lacks information and belief sufficient to answer the remaining allegations contained in paragraph 11.

12. There is no paragraph 12 in the Complaint.

13. In answering paragraph 13, PLS admits that the CMS, which is undefined in Relator's Complaint, speaks for itself as duly established federal agency and government website, to the extent it refers to the Centers for Medicare & Medicaid Services. Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 13.

14. In answering paragraph 14, PLS admits that the CMS, which is undefined in Relator's Complaint, speaks for itself as duly established federal agency, to the extent it refers to the Centers for Medicare & Medicaid Services. Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 14.

15. In answering paragraph 15, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

16. In answering paragraph 16, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

17. In answering paragraph 17, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

18. In answering paragraph 18, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

19. In answering paragraph 19, PLS admits that the CMS, which is undefined in Relator's Complaint, speaks for itself and its requirements as duly established federal agency, to the extent it refers to the Centers for Medicare & Medicaid Services. Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 19.

20. In answering paragraph 20, PLS admits that the Social Security Act (at 42 U.S.C. § 1395x (s)(12)) speaks for itself as a duly adopted law. Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 20.

21. In answering paragraph 21, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

**B.     PLS's Fraudulent Business Model.**

22. In answering paragraph 22, PLS admits that the company currently known as PLS started operating in 1997, but denies that it was PLS since the start of its operations. As such, not having been in existence in 1997, PLS denies having sold any products since 1997. PLS admits that it sells diabetic insoles and customized orthotics. PLS generally takes orders of diabetic insoles from technicians and clinicians, constituting PLS's customers, who then receive the ordered products from and pay to PLS. PLS lacks information and belief sufficient to answer who its customers bill to and where they get payments from, if any, in each individual case. Except as expressly admitted, denied or otherwise unable to respond, PLS denies the remaining allegations contained in paragraph 22.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB
SPECIALIST CUSTOM SHOE CO.

5

23. In answering paragraph 23, PLS admits that it receives molds of the patients' feet, either in digital scans, in cast or in foam impression box. PLS denies the remaining allegations and description of PLS's processes contained in paragraph 23.

24. In answering paragraph 24, PLS denies the allegations contained therein.

25. In answering paragraph 25, PLS lacks information and belief sufficient to respond about the existence of A5502 or of its requirements. PLS denies the remaining allegations contained in paragraph 25.

26. In answering paragraph 26, PLS denies the allegations contained therein.

27. In answering paragraph 27, PLS denies the allegations contained therein.

28. In answering paragraph 28, PLS denies the allegations contained therein.

29. In answering paragraph 29, PLS denies the allegations contained therein.

**C. Defendants' Fraudulent Activities Have Threatened Public Health and Safety**

30. In answering paragraph 30, PLS denies the allegations contained therein.

31. In answering paragraph 31, PLS denies the allegations contained therein.

32. In answering paragraph 32, PLS denies the allegations contained therein.

**D. Affected Federal and State Health Care Programs**

33. In answering paragraph 33, PLS admits that Title XIX of the Social Security Act speaks for itself as a duly adopted law. Except as expressly

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB
SPECIALIST CUSTOM SHOE CO.

6

admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 33.

34.     In answering paragraph 34, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

35.     In answering paragraph 35, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

36.     In answering paragraph 36, PLS denies the allegations contained therein.

37.     In answering paragraph 37, PLS admits that 42 U.S.C. § 1395y(a)(8) speaks for itself as a duly adopted law. Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 37.

38.     In answering paragraph 38, PLS admits that the codes A5500, A5501, A5510, A5512, and A5513 speak for themselves. PLS denies that it provided any fraudulent documentation to Medicare concerning its custom fabrication process. PLS also denies that its manufacturing would not meet applicable standards. Except as expressly admitted or denied, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 38.

39.     In answering paragraph 39, PLS denies the allegations contained therein.

### IV.    JURISDICTION AND VENUE

40.     In answering paragraph 40, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

41.     In answering paragraph 41, PLS admits that PLS is transacting and has transacted business in this District. PLS lacks information and belief sufficient to admit or deny whether this Court has personal jurisdiction over PLS. Except as expressly admitted or unable to respond, PLS denies the

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.

7

remaining allegations contained in paragraph 41.

42. In answering paragraph 42, PLS admits that it transacts business in this District. PLS lacks information and belief sufficient to admit or deny whether venue is proper in this District. Except as expressly admitted or unable to respond, PLS denies the remaining allegations contained in paragraph 42.

43. In answering paragraph 43, PLS denies that it made knowingly false and fraudulent claims for payments to Federal and State health care programs during the period from six years prior to the date of filing to the present. PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 43.

44. In answering paragraph 44, PLS denies violating the Federal False Claims Act, 31 U.S.C. § 3729 , et seq. ("FCA"), and the California False Claims Act, Cal. Gov. Code §§12650-12656.

## V.     THE FEDERAL FALSE CLAIMS ACT

45. In answering paragraph 45, PLS admits that FCA and 31 U.S.C. § 3729(a)(1) speak for themselves as duly adopted laws.  Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 45.

46. In answering paragraph 46, PLS admits that FCA and 31 U.S.C. § 3729(b)(1) speak for themselves as duly adopted laws.  Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 46.

47. In answering paragraph 47, PLS admits that Relator was employed with PLS.  Except as expressly admitted, PLS denies the remaining allegations contained in paragraph 47.

## VI.     THE CALIFORNIA FALSE CLAIMS ACT

48. In answering paragraph 48, PLS admits that California False Claims Act, Cal. Gov. Code §12650-12656, speaks for itself as duly adopted

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.

8

law. Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 48.

49. In answering paragraph 49, PLS admits that Relator was employed with PLS. Except as expressly admitted, PLS denies the remaining allegations contained in paragraph 49.

50. In answering paragraph 50, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

51. In answering paragraph 51, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

## VII. MEDICARE

52. In answering paragraph 52, PLS admits that Title XIX of the Social Security Act, 42 U.S.C. § 1395h, speaks for itself as a duly adopted law. Except as expressly admitted, PLS lacks information and belief sufficient to admit or deny the remaining allegations contained in paragraph 52.

53. In answering paragraph 53, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

54. In answering paragraph 54, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

## VIII. GENERAL ALLEGATIONS

55. In answering paragraph 55, PLS denies that it has been in existence and in business since 1997, but admits that it manufactures products for diabetes patients. PLS admits that it sold its products to its customers, who comprised primarily of technicians and clinicians. PLS, however, lacks information and belief sufficient to know who, if anyone, its customers bill to in each individual case. PLS admits that it produced, distributed, and sold Diabetic Insoles, Custom Functional Orthotics, Heat Moldable Insoles at some point throughout its years in business. Except as expressly admitted, denied or otherwise unable to respond, PLS denies the remaining allegations contained in

1. paragraph 55.
2. 56. In answering paragraph 56, PLS denies the allegations contained therein.
3. 57. In answering paragraph 57, PLS denies the allegations contained therein.
4. 58. In answering paragraph 58, PLS lacks information and belief sufficient to admit or deny the allegations contained therein.

## COUNT ONE

59. In answering paragraph 59, PLS incorporates all of its responses set forth above.
60. In answering paragraph 60, PLS denies the allegations contained therein.
61. In answering paragraph 61, PLS denies the allegations contained therein.
62. In answering paragraph 62, PLS denies the allegations contained therein.
63. In answering paragraph 63, PLS denies the allegations contained therein.
64. In answering paragraph 64, PLS denies the allegations contained therein.
65. In answering paragraph 65, PLS denies the allegations contained therein.
66. In answering paragraph 66, PLS denies the allegations contained therein.

## COUNT TWO

67. In answering paragraph 67, PLS incorporates all of its responses set forth above.
68. In answering paragraph 68, PLS denies the allegations contained

1 therein.

2 69. In answering paragraph 69, PLS denies the allegations contained
3 therein.

4 70. In answering paragraph 70, PLS denies the allegations contained
5 therein.

6 71. In answering paragraph 71, PLS denies the allegations contained
7 therein.

8 72. In answering paragraph 72, PLS denies the allegations contained
9 therein.

10 73. In answering paragraph 73, PLS denies the allegations contained
11 therein.

## PRAYER FOR RELIEF

In answering the Plaintiff/Relator's Prayer for Relief in the Complaint, PLS denies that Plaintiffs, including Relator, are entitled to any relief claimed in the Complaint.

## DEMAND FOR JURY TRIAL

PLS admits that Plaintiff/Relator has demanded a trial by jury, and likewise demands a jury trial in this case.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiff/Relator, PLS, as separate and distinct affirmative defenses to the Complaint, alleges as follows based on information and belief:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff/Relator's Complaint fails, in whole or in part, to state a claim against PLS upon which relief can be granted.

///

## SECOND AFFIRMATIVE DEFENSE
## (Failure to Plead With Particularity)

Plaintiff/Relator's allegations are not set forth with the requisite particularity, and therefore the Complaint is barred as against PLS.

## THIRD AFFIRMATIVE DEFENSE
## (No Causation)

Plaintiff/Relator's damages, if any, were not caused by PLS, but by another person or entity for whom or for which PLS is not responsible.

## FOURTH AFFIRMATIVE DEFENSE
## (Failure to Mitigate)

To the extent that Plaintiff/Relator has suffered any damages as a result of the matters alleged in the Complaint, which PLS denies, Plaintiff/Relator has failed to mitigate those damages and their claims are therefore barred, in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE
## (Estoppel)

The Complaint is barred, in whole or in part, by Plaintiff/Relator's conduct, actions and inactions which amount to and constitute an estoppel of the claims and any relief sought thereby.

## SIXTH AFFIRMATIVE DEFENSE
## (Waiver)

The Complaint, and each purported claim alleged therein, is barred by Plaintiff/Relator's conduct, actions and inactions which amount to and constitute a waiver of any right or rights that Plaintiff may or might have in relation to the matters alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
## (Laches)

Plaintiff/Relator has unreasonably delayed taking action in connection

1  with alleged claims, causing substantial prejudice to Complaint, and such
2  claims therefore are barred pursuant to the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Ratification)

Plaintiff/Relator has ratified the conduct alleged in the Complaint and therefore is barred from recovery against PLS.

### NINTH AFFIRMATIVE DEFENSE
### (Setoff)

PLS alleges, based on information and belief, that Plaintiff/Relator's claims are subject to setoff and/or recoupment.

### TENTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff/Relator's claims, in whole or in part, are barred by the doctrine of federal preemption.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff/Relator's claims are barred, in whole or in part, by virtue of his conduct, actions or inactions under the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

Plaintiff/Relator's claims are barred, in whole or in part, because any alleged wrongful conduct on the part of PLS, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Good Faith Compliance with all Laws)

PLS has acted reasonably and in good faith at all times in compliance

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.

13

with all laws.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitation)

Plaintiff/Relator's entire action, or the individual causes of action in the Complaint, are barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Acts of Others)

The Complaint, and each purported cause of action therein, is barred because the injuries, damages, losses and/or detriment which have been or will be sustained by Plaintiff, if any, were proximately caused solely by the acts of persons, entities or other parties over whom PLS had no control, and for whose acts PLS is not responsible or in any way liable to Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Indemnity and Contribution)

If any damages, judgment or other awards are recovered by Plaintiff against PLS for damages, injuries or losses alleged in the Complaint, such damages, injuries or losses are directly and proximately contributed to and caused by other persons or entities, and PLS is entitled to indemnity and contribution or both, from each of said other psersons or entities in an amount in direct proportion to the culpable conduct of said other persons or entities.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff/Relator's lacks standing to bring this action against PLS.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

PLS expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.

14

**WHEREFORE**, Defendant prays for judgment against the Plaintiff as follows:

1. That Plaintiffs take nothing by way of this action;
2. That judgment be entered against Plaintiff/Relator and in favor of PLS;
3. That PLS be awarded attorneys' fees and costs incurred in defending this action; and
4. For any and all other relief as the Court deems just and proper.

Dated: October 10, 2017        **MARTIROSYAN P.C.**

                                     */s/ Edgar Martirosyan*
                                      Edgar Martirosyan, Esq.
                                      Attorney for Defendant, PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.

## DEMAND FOR JURY TRIAL

PLS demands a trial by jury on all issues so triable.

Dated: October 10, 2017           **MARTIROSYAN P.C.**

                        */s/ Edgar Martirosyan*
                        Edgar Martirosyan, Esq.
                        Attorney for Defendant, PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.

# CERTIFICATE OF SERVICE

**United States of America ex rel. Arthur Afionyan, and State of California ex rel. Afionyan v. Pedorthic Lab Specialist Custom Shoe Co.**

**Case No.:** CV16-03268-JFW (KSx)

I, the undersigned, hereby certify that on October 11, 2017, a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO. was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By: /s/ *Edgar Martirosyan*
Edgar Martirosyan, Esq.