Rob Hennig (SBN 174646)
Brandon Ruiz (Cal. State Bar No. 264603)
**HENNIG RUIZ P.C.**
1925 Century Park East, Suite 1960
Los Angeles, CA 90067
Phone: (310) 843-0020
Fax: (310) 843-9150
rob@employmentattorneyla.com

Attorneys for Relator Arthur Afionyan

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ARTHUR AFIONYAN, and STATE OF CALIFORNIA, *ex rel*. AFIONYAN,<br><br>Plaintiff/Relator,<br><br>v.<br><br>PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.<br><br>Defendant. | CASE NO.: CV 16-03268-JFW (KSx)<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO FRCP 26(F)**<br><br>Date: November 13, 2017<br>Time: 8:30 a.m.<br>Judge: Hon. John F. Walters<br>Courtroom: 7A<br><br>**Rule 26 Conf.:** October 30, 2017 |

Pursuant to Fed. R. Civ. Proc. 26(f) and Local Rule 26-1, Plaintiffs United States of America *ex rel.* Arthur Afionyan and State of California *ex rel.* Afionyan ("Plaintiffs") and Defendant Pedorthic Lab Specialist Custom Shoe Co. ("PLS" or "Defendant"), by and through their counsel of record, hereby submit the following joint statement.

The Fed. R. Civ. Proc. 26 Conference was held on October 30, 2017 and again on October 31, 2017. Rob Hennig, Esq., of Hennig Ruiz P.C., attended as lead counsel for Relator Arthur Afionyan. Edgar Martirosyan, Esq., of Matirosyan

Professional Corporation attended as lead trial counsel for Defendant Pedorthic Lab Specialist Custom Shoe Co.  Also present for the Rules 26 Conference was Lilit Ghazaryan, Esq., Martirosyan Professional Corporation for Defendant. Relator's trial counsel was on a pre-planned vacation and could not schedule the Rule 26 Conference prior to October 30, 2017 – his first day back in the office from vacation.

### I.   Information Pursuant to the Court Order of October 13, 2017.

#### 1. Jurisdiction.

Subject matter jurisdiction exists as to this action as it arises under Federal law, and as a *qui tam*, the Court has original jurisdiction. There are no known issues as to personal jurisdiction or venue. Venue is proper pursuant to 31 U.S.C. 3732 as the Defendant transacts business in Canoga Park, California. All parties have been served in this action.

#### 2. Chronology of Facts and Factual Issues in Dispute.

Relator was previously employed at Defendant PLS for several years and claims to have witnessed first-hand the alleged fraud.

Defendant Pedorthic Custom Shoe is in the business of making and the selling customized orthotics and insoles for diabetic patients.  These products are usually sold to a doctor's office or other third-party that then sells the product directly to a diabetic patient – usually obtaining reimbursement from the Centers for Medicare and Medicaid Services.

According to the Medicare Benefit Policy Manual, at Chapter 15, section 140, Medicare will cover therapeutic shoes along with inserts for individuals with diabetes provided as long as the shoes are custom molded shoes, depth shoes or inserts.  PLS represents to its customers that its products comply with all the Federal and State guidelines. When the medical offices receive their reimbursements from federal tax dollars, they then pay Defendant.  Defendant,

thus, knows or should know that Medicare patients are seeking reimbursement through the U.S. Government for its products.

Relator alleges that for nearly 90% of its sales, PLS does not customize its products and instead takes crude measurements of two dimensional scans of patients' feet and uses those measurements to match the patient with pre-fabricated molds and/or pre-made insoles to create products that do not offer the medical benefits of an individually customized insole protecting a diabetic foot.

As a result, Relator contends that Defendant has received millions of dollars of Medicare money and deceived thousands of diabetic patients and the U.S. Government who believe they were receiving custom foot ware to reduce risk of ulcers and amputation and, instead, receive an inferior and fraudulent product.

Relator further alleges that thousands of patients are unaware that they remain at increased risk of ulcers and amputation through continued use of Defendant's products.

Relator further alleges that this fraudulent conduct is material – that if the U.S. Government knew of PLS's fraudulent conduct, it would not have provided reimbursement for the therapeutic shoes or shoe inserts.

Relator, therefore alleges that PLS violated the Federal False Claims Act, 31 U.S.C. §3729 *et seq*., and its state counterpart, the California False Claims Act, Cal. Gov. Code § 12650 *et seq*.. Relator claims under the aforesaid sections of federal and state law are built on its allegations that PLS: 1) presented and caused to be presented false and/or fraudulent claims for payment to the United States and its agents as well as to an officer or employee of the State of California; 2) made/used or caused to be made/used false and fraudulent records and statements in order to get payment or approval of claims, including changes to the Medi-Cal program; and 3) defrauded the United States by submitting and receiving or having submitted and received on their behalf payment for false or fraudulent claims for payment.

3

PLS denies these claims in their entirety, and asserts that its actions taken in connection with these matters were lawful. In connection to Plaintiffs' causes of action, PLS maintains that it did not make or use fraudulent records and statements for payment, or present false and fraudulent claims to the U.S. or California State governments, its agents, officers or employees; nor did PLS receive payment for the same from such federal or state agencies. PLS further denies that Plaintiffs suffered any damages as the result of any alleged violation by PLS.

### 3. Disputed Points of Law.

There are not disputed points of law at this time.

### 4. Prior and Pending Motions.

There have been no motions filed in this action and there are no motions currently pending before this court. Defendant anticipates filing a dispositive motion pending discovery.

### 5. Additional Parties, Claims, or Defenses.

Relator does not presently anticipate adding any additional parties or bringing any additional claims in this action. Defendant does not anticipate joining other parties or bringing forth any new defenses at this time.

### 6. Compliance with Fed. R. Civ. P. 26 Disclosure Requirements.

The parties anticipate exchanging Rule 26 disclosures on or about November 13, 2017.

### 7. Status of Discovery.

No discovery has been taken in this case. The parties jointly agree that formal discovery requests shall commence after the November 13, 2017 scheduling conference, when the Court orders discovery cutoff date.

Plaintiffs anticipate that discovery will be needed regarding (1) PLS's marketing and representations to doctors' offices and prospective vendors of its products; (2) PLS's practices and processes for the manufacture and production of

its orthopedic products; (3) any payments made to PLS using state or federal funds through medicare and/or Medicaid.

PLS anticipates that discovery will be needed regarding Plaintiffs' allegations that PLS presented, directly or through others, any, let alone false and/or fraudulent claims for payment to any government officer or employee, used any fraudulent records and statements for payment, or that it received payments from state or federal government for false or fraudulent claims. PLS also anticipates conducting discovery, by written requests and through deposition of Plaintiff Arthur Afionyan, of the scope of information about PLS's activities Afionyan allegedly acquired through direct experience as an employee of PLS. Moreover, PLS intends to conduct discovery tending to show that Afionyan's claims are fueled by personal animus and lack merit.

The parties agree that no changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure and/or the Court's Local Rules, with the exception of expert discovery deadlines as provided in this Report. At this time the parties do not see any need for discovery to be conducted in phases or to be limited to or focused upon particular issues.

## 8. Related Cases or Proceedings.

The parties are unaware of any related cases or proceedings before any other judge, court, or administrative body regarding the same or similar issues or parties involved in this litigation.

## 9. Relief Sought.

Relator seeks relief pursuant to the federal and California False Claims Acts, 31 U.S.C. 3729 *et seq.* and Cal. Gov. Code §§ 12650-12656 including treble damages, penalties of $11,000 per payment made based upon a false claim, attorneys' fees and costs, and prejudgment interest.

The precise amounts of damages are presently unknown but Relator estimates damages of approximately $7,000,000 during the applicable statute of

limitations.

Pursuant to 31 U.S.C. 3730(g), PLS seeks fees and expenses as a prevailing defendant, if this case is decided in its favor.

### 10. Certification As to Interested Parties or Persons.

Relator filed a Certification and Notice of Interested parties on May 12, 2016. PLS filed a Certification and Notice of Interested parties on October 31, 2017.

### 11. Motion and Trial Dates.

Relator and Defendant have met and conferred and request a trial date not before October 30, 2018 – with discovery and motion cutoff dates of August 31, 2018 and October 1, 2018 respectively. The parties agree to exchange Expert Witness Disclosures on July 31, 2018. To the extent the Court sets a trial date prior to October 30, 2018, the parties agree that the Expert Witness Disclosures will be exchanged approximately 90 days prior to trial under Rule 26 (a)(2), with discovery cutoff date should be approximately 60 days before trial and the motion cutoff date approximately 30 days prior to trial.

### 12. Trial Type.

Relator has requested trial by jury and anticipates trial shall last approximately 7 court days, including voir dire and opening and closing statements.

### 13. ADR.

The parties have not yet engaged in settlement discussions. Relator and Defendant, however, have conferred and request the Court set a Mandatory Settlement Conference with a Magistrate Judge in the next 120 days to discuss settlement early in the discovery process. The parties mutually agree that settlement discussions should take place early in an attempt to resolve this matter prior to expensive discovery. Relator will confer with and seek the approval of the United States prior to and during all settlement discussions.

**14. Complex Litigation.**

The parties agree that this case is not complex.

**15. Dispositive Motions.**

Relator does not anticipate bringing any dispositive motions in this action. PLS intends to file a motion for summary judgment or summary adjudication following the close of discovery.

**16. Unusual Legal Issues.**

The parties are unaware of any unusual legal issues at this time.

**17. Orders of Proof.**

The parties do not request and do not believe that severance, bifurcation or any other ordering of proof is necessary at this time.

**18. Confirmation of Registration with Electronic-Filing System.**

Counsel of record for Relator and Defendant both confirm their registration with the Court's Electronic Filing System. The email address for Relator's counsel of record is rob@employmentattorneyla.com and rob@robhennig.com The email address for Defendant's counsel of record is em@mpclegal.com.

**II. Further Information Pursuant to Rule 26.**

**1. Electronic Discovery – FRCP 26(f)(3)(C)**

The parties have met and conferred and have agreed to an electronic discovery protocol with a deadline for production of electronically stored information on or before December 31, 2017. Production of electronically stored information shall occur either through secure upload to an FTP site or production on Data CD/DVD.

**2. Privilege and Protection of Trial Preparation Material – FRCP 26(f)(3)(D)**

Plaintiffs do not anticipate any issues with claims of privilege or protection of trial preparation material Defendant, however, maintains that the issue is

premature at this time, and therefore is unable to determine whether such issues will arise in the course of litigation.

### 3. Discovery Limitations – FRCP 26(f)(3)(E)

The parties do not currently seek any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

### 4. Other Orders and Issues – FRCP 26(f)(3)(F)

The parties agree that, to facilitate the production of proprietary, trade secret, and other forms of protected confidential information, the court should enter a stipulated protective order governing such productions. The parties agree to meet and confer on the form of such a protective order and to submit one for the Court's consideration within 21 days of filing this Joint Report.

DATED: October 31, 2017    HENNIG RUIZ P.C.

/ s /

---

Rob Hennig (Cal. State Bar No. 174646)
Brandon Ruiz (Cal. State Bar No. 264603)
1925 Century Park East, Suite 1960
Los Angeles, CA 90067
(310)843-0020 (office)
(310)843-9150 (fax)
rob@employmentattorneyla.com
Attorneys for Relator,
ARTHUR AFIONYAN

DATED: October 31, 2017     **MARTIROSYAN P.C.**

/ s /

_____
Edgar Martirosyan, Esq.
15720 Ventura Blvd., Suite 229
Encino, CA 91436
(818) 528-8700 (office)
(818) 528-8704 (fax)
em@mpclegal.com
Attorney for Defendant, PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.