Edgar Martirosyan SBN 260250
Email:      em@mpclegal.com
MARTIROSYAN P.C.
15720 Ventura Blvd., Suite 229
Encino, CA 91436
Telephone:  (818) 528-8700
Facsimile:  (818) 528-8704

Attorney for Defendant,
PLS DIABETIC SHOE COMPANY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ARTHUR AFIONYAN, and STATE OF CALIFORNIA ex rel. AFIONYAN<br><br>      Plaintiffs,<br><br>  vs.<br><br>PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.<br><br>Defendant.<br>_____ | Case No: CV 16-03268-JFW (KSx)<br><br>**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); REQUEST FOR ATTORNEYS' FEES AND COSTS.**<br><br>[Filed concurrently with Declaration of Edgar Martirosyan, Esq.; and [Proposed] Order]<br><br>Date:   May 7, 2018<br>Time:   1:30 p.m.<br>Judge:  Hon. John F. Walter<br>Courtroom: 7A<br><br>Pre-Trial Conference Date:  5/25/18<br>Trial Date:  6/12/18 |

///

///

///

///

///

DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)

1

TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR
ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 7, 2018, at 1:30 p.m., or as soon
thereafter as the matter may be heard in Courtroom 7A of the above entitled Court,
located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant PLS DIABETIC
SHOE COMPANY, erroneously sued as PEDORTHIC LAB SPECIALIST
CUSTOM SHOE CO. (hereinafter "PLS"), by and through its attorneys of record,
will and hereby does respectfully move this Court for a judgment on the pleadings,
pursuant to Federal Rules of Civil Procedure 12(c), in favor of PLS and against
Plaintiffs UNITED STATES OF AMERICA ex rel. ARTHUR AFIONYAN and
STATE OF CALIFORNIA ex rel. AFIONYAN (hereinafter "Relator"), on the
grounds that: (a) Relator's FCA claims are barred by the applicable federal statute
of limitations; (b) Relator fails to plead the FCA and CFCA claims with
particularity under Rule 9(b); and (c) Relator does not – and indeed cannot – plead
direct and personal knowledge of any alleged fraudulent or false claim, submission
of that claim for payment by PLS (or any other entity) to the Government and/or
California, and receipt of any funds from these entities.  PLS also seeks reasonable
attorney's fees and costs in the amount of $26,650.00 pursuant to 31 U.S.C.
§3730(d)(4), Cal. Gov. Code §12652(g)(9)(A), Rule 54(d), 28 U.S.C. § 1927,
and/or the Court's inherent power to impose sanctions.

This Motion is based on this Notice, the Memorandum of Points and
Authorities, the pleadings previously filed in this action, any oral argument
permitted at the hearing on this motion, and any papers filed herein and upon such
other matters as may be presented to the Court at the time of the hearing.

This motion is re-filed pursuant to the Court's Order of March 27, 2018
(Docket No. 32), ordering an in-person conference of counsel, submission of
declarations by each party within three days of the conference, and re-filing of
the motions to proceed no earlier than two days thereafter.

This motion is hereby made following the in person conference of counsel, pursuant to Local Rule 7-3 and the Court's Order, which took place on April 2, 2018, at approximately 3:00 p.m., at the office of counsel for Relator, Hennig Ruiz P.C., located at 3600 Wilshire Blvd., Suite 1908, Los Angeles, CA 90010. (Declaration of Edgar Martirosyan in Support of PLS Diabetic Shoe Company's Motion for Judgment on the Pleadings Pursuant to Fed R. Civ. P. 12(c) ("Martirosyan Decl."), ¶ 10).  The conference lasted approximately two hours, during which counsel for PLS discussed with counsel for Relator, Rob Hennig and Shoshee Hui, the substance of this motion as detailed in the Declaration of Edgar Martirosyan, Esq. filed on April 5, 2018. (Docket No. 35).

Dated: April 9, 2018          **MARTIROSYAN P.C.**


                              */s/ Edgar Martirosyan*
                              Edgar Martirosyan, Esq.
                              Attorney for Defendant,
                              PLS DIABETIC SHOE COMPANY

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

3

# TABLE OF CONTENTS

**Page**

I.    **INTRODUCTION**………………………………………………......1

II.   **BACKGROUND**…………………………………………………...2

    A. <u>Procedural History</u>……………………………………...2

    B. <u>Relator's Claims and Allegations</u>…..………………………3

        *1.*  *Federal False Claims Act (31 U.S.C. § 3729 et seq.)*…...…........3

        *2.*  *California False Claims Act (Cal. Gov. Code § 12650 et seq.)*…4

III.  **PLEADING STANDARDS**……………………………………5

    A. <u>Rule 12(c): Judgment on the Pleadings</u>……………………5

    B. <u>Rule 9(b): Standard of Heightened Pleading Applies to FCA Claims</u>………………………………………………………5

IV.  **ARGUMENT**……………………………………………...7

    A. <u>Relator Fails to Allege Facts that Support any Violation Under Federal or State False Claims Acts with Sufficient Particularity</u>...7

        *1.*  *Relator Fails to Allege with Particularity a False or Fraudulent Claim that Was Knowingly Presented or Caused to Be Presented to the Government for Payment or Approval Pursuant to 31 U.S.C. § 3729(a)(1)(A)*……………………….……………7

        *2.*  *Relator Fails to Allege with Particularity that PLS Knowingly Made, Used or Caused to be Made or Used, a False Record or Statement Material to a False or Fraudulent Claim Pursuant to 31 U.S.C. § 3729(a)(1)(B)*……………………….………..11

    B. <u>Relator's Claims under the CFCA Fail Because He Does Not Allege with Particularity any Misconduct by PLS Under Cal. Gov. Code §§ 12651(a)(1)-(2)</u>……………………………………....12

    C. <u>The Court Should Dismiss Relator's Claims Because He Has Not Pled Direct and Independent Knowledge of the Information on</u>

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

i

**Which the Allegations are Based**…………………………......**13**

    D. **Relator's Complaint Should Be Dismissed With Prejudice**

       **Because Discovery To Date Demonstrates That Relator Can Not**

       **Plead The Requisite Particular Facts To Meet The Heightened**

       **Pleading Standard**………………………………………………**14**

**V.**    **REQUEST FOR ATTORNEYS FEES AND COSTS**………......**15**

**VI.**   **CONCLUSION**…………………………………………..…**17**

# TABLE OF AUTHORITIES

**CASES**                                                          **Page(s)**

*Bly–Magee v. State of California,*

   236 F.3d 1014 (9th Cir. 2001) …………………………….…………6

*Desaigoudar v. Meyercord,*

   223 F.3d 1020 (9th Cir. 2000) …………………………………………5

*Ebeid ex rel. United States v. Lungwitz,*

   616 F.3d 993 (9th Cir. 2010) …………………………………..6, 8-10

*Fleming v. Pickard,*

   581 F.3d 922 (9th Cir. 2009)…………………………………………5

*Harrison v. Westinghouse Savannah River Co.,*

   176 F.3d 776 (4th Cir. 1999). ………………………………………6

*Hughes Aircraft Company v. United States, ex rel. Schumer,*

   520 U.S. 939 (1997)………………….……………………..…………1

*Independence News, Inc. v. City of Charlotte,*

   568 F.3d 148 (4th Cir. 2009)…………………………………………5

*Miller v. Indiana Hosp.,*

   562 F. Supp. 1259 (WD PA 1983)………………….……………………5

*///*

*///*

*United States v. Rivera*,

   55 F.3d 703 (1st Cir. 1995)…………………………………..…………8

*United States ex rel. Aflatooni v. Kitsap Physicians Serv.*,

   314 F.3d 995 (9th Cir. 2002) …………………………….…………8

*United States ex rel. Aflatooni, v. Kitsap Physicians Serv.*,

   163 F.3d 516 (9th Cir. 1999)…………………..…………………………13

*United States ex. rel. Atkins v. McInteer*,

   470 F.3d 1350 (11th Cir. 2006)……………………….…..………………11

*United States ex rel. Bain v. Ga. Gulf Corp.*,

   208 Fed.Appx. 280 (5th Cir. 2006) …………………..……..……………..15

*United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*,

   637 F.3d 1047 (9th Cir. 2011) …………………………………...……6-10

*United States ex rel. Devlin v. Cal.*,

   84 F.3d 358 (9th Cir. 1996) …………………………………..13-14

*United States ex rel. Green v. Northrop*,

   59 F.3d 953 (9th Cir. 1995) ………………………………...............13-14

*United States ex rel. Grubbs v. Ravikumar Kanneganti*,

   565 F.3d 180 (5th Cir.2009)……………………………………..…..8

/// 

/// 

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION
FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

iv

*United States ex rel. Hendow v. Univ. of Phx.*,

    461 F.3d 1166 (9th Cir. 2006)……………………….…………………………7

*United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*,

    360 F.3d 220 (1st Cir. 2004)………………………………………………6

*United States ex rel. Kelly v. Serco, Inc.*,

    846 F.3d 325 (9th Cir. 2017)………………………………………………..11

*United States ex rel. Lee v. SmithKline Beecham, Inc.*,

    245 F.3d 1048 (9th Cir. 2001)........................……………………… 6, 8-10

*United States ex rel. Springfield Terminal Ry. Co. v. Quinn*,

    14 F.3d 645 (D.C. Cir. 1994) ………………………………………...13-14

*Universal Health Servs., Inc. v. United States ex rel. Escobar*,

    136 S.Ct. 1989 (2016)……………………………………………..……7

*Vess v. Civa-Geigy Corp. USA*,

    317 F.3d 1097 (9th Cir. 2003) ………………………………….…..12

**STATUTES**

28 U.S.C. § 1927……………………………………………………16

31 U.S.C. § 3729 *et seq.* ….....................................................1, 3-8, 12-15

31 U.S.C. § 3729(a)(1)……………………………………………..3

31 U.S.C. § 3729(a)(1)(A)……………………………………….…3, 7, 12

31 U.S.C. § 3729(a)(1)(B)……………………………………… 3, 11-12

31 U.S.C. § 3729(a)(2) …………………………………………………….3

31 U.S.C. § 3729(a)(3)……………………………………………………..4

31 U.S.C. § 3729(b)(1)……………………………………………………..3

31 U.S.C. § 3729(b)(4)……………………………………………………11

31 U.S.C. § 3729(b)(2)(A)(i). ……………………………………………..7

31 U.S.C. §3730(d)(4) …………………………………………………15

31 U.S.C. § 3730(e)(4)(A)………………………………………………13

Cal. Gov. Code § 12650 *et seq.*...............................................1, 4, 12, 15

Cal. Gov. Code § 12650(b)(1)(A)……………………………………......12

Cal. Gov. Code § 12651 ……………………………………………….…12

Cal. Gov. Code § 12651(a)(1)………………………………………….4, 12

Cal. Gov. Code § 12651(a)(2)………………………………….……...4, 12

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION
FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

vi

Cal. Gov. Code §12651(a)(1) and (c)……………………………………...…4

Cal. Gov. Code §12652(g)(9)(A)……………………………….………...15

**RULES**

Fed. R. Civ. P. 9(b)…………………………….………..1-2, 5-6, 8-9, 11-12, 14-15

Fed. R. Civ. P. 12(b)(6)………………………………………………….5

Fed. R. Civ. P. 12(c)…………………………………………………..5

Fed. R. Civ. P. 45(a)(4)…………………………...…………….…..17

Fed. R. Civ. P. 54(d)………………………………………………..15

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

vii

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Relator Arthur Afionyan ("Relator") brings this *quit tam* action under the Federal False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), and its state counterpart, the California False Claims Act, Cal. Gov. Code § 12650 *et seq.* ("CFCA") against his former employer, Defendant PLS Diabetic Shoe Company, Inc.[1]  Relator's Complaint hinges on the theory that PLS was involved in a scheme to defraud United States ("Government") and/or the State of California ("California") by submitting fraudulent or false claims for payment for "custom-molded shoes" and "customized insoles" (made for diabetic patients).  The Government declined to intervene in this matter and Relator has proceeded on his own.

As a *qui tam* plaintiff and through his generalized allegations of fraud, Relator has called into question PLS's over twenty years of untainted reputation in the orthotics industry, and seeks to wreak financial havoc upon PLS in the name of the Government.  Given the high costs at stake for a defendant in such cases, the Court must scrutinize these types of allegations with great care.[2]

As an initial matter, Relator's allegations under the FCA and CFCA are subject to the heightened pleading requirement of Federal Rule of Civil Procedure 9(b).  Relator fails to plead with any particularity the circumstances (i.e., who, when, where and what) of the alleged fraudulent conduct so as to create an indicia

---

[1] Relator erroneously sued defendant as Pedorthic Lab Specialist Custom Shoe Co.

[2] The Supreme Court has recognized that: "The extension of an FCA cause of action to private parties in circumstances where the action was previously foreclosed is not insignificant. As a class of plaintiffs, *qui tam* relators are different in kind than the Government. They are motivated primarily by prospects of monetary reward rather than the public good."  *Hughes Aircraft Company v. United States, ex rel. Schumer*, 520 U.S. 939, 949 (1997).

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

1

that leads to a strong inference that fraudulent or false *claims* were actually submitted to the Government.  In sum, Relator fails to plead *a single claim* implicated in the fraud and/or identify a single employee (PLS employee or otherwise) who submitted a claim for payment.  Moreover, Relator does not plead with any particularity as to who perpetrated the alleged fraud upon the Government and/or California, what was the fraudulent scheme, and how and when it was orchestrated.  Relator only pleads speculative and generalized allegations that do not meet the heightened pleading requirements of Rule 9(b).

Finally, Relator does not plead direct and personal knowledge of any alleged fraudulent or false claim, submission of that claim for payment by PLS (or any other entity) to the Government and/or California, and receipt of any funds from these entities.  Given that the Relator's pleadings do not meet the heightened requirements under Rule 9(b) and that Relator has no personal knowledge of the alleged fraudulent conduct, the Complaint must be dismissed.

## II.     BACKGROUND

### A. <u>Procedural History</u>

Relator filed this *qui tam* action on behalf of the United States of America and the State of California under seal on May 12, 2016.  (Dkt. No. 1).  On March 22, 2017, the Government filed a Notice of Election to Decline Intervention as to all the claims alleged against PLS.  (Dkt. No.11).  On August 4, 2017, the Court ordered that Relator may proceed after the Government's declination to intervene.  (Dkt. No. 16).  Relator effectuated service of the Complaint on PLS on or about August 30, 2017 (Dkt. No.21) (the "Complaint").  On October 11, 2017 PLS filed an Answer and Affirmative Defenses to the Complaint; and asserted, among other defenses, failure to state a claim and failure to plead with particularity.  (Dkt. No. 22).

//

//

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

2

**B. Relator's Claims and Allegations**

> **1. *Federal False Claims Act (31 U.S.C. § 3729 et seq.)***

Relator alleges only two causes of action against PLS. The first is based exclusively on the FCA (31 U.S.C. § 3729 *et seq.*). *See* Complaint at ¶¶ 59-66. Relator alleges that he is the "original source of the information upon which the allegations in this Complaint are based." *Id.* at ¶42. He also alleges that he is "the original source of the data analysis described [in the Complaint] that shows defendants' claims for payment made to Federal and State health care programs during the period from six years prior to the date of filing to the present ('device claims period') were knowingly false and fraudulent." *Id.*

In the first count, Relator alleges that under the FCA:

(1) PLS, knowingly or in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, presented and caused to be presented to the United States and its agents false and fraudulent claims for payment, in violation, *inter alia*, of 31 U.S.C. § 3729(a)(1); and

(2) PLS, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, made, used, caused to be made or caused to be used, false or fraudulent records and statements to get false or fraudulent claims paid or approved, in violation, *inter alia*, of 31 U.S.C. § 3729(a)(2).[3]

---

[3] Relator incorrectly cites FCA at 31 U.S.C. § 3729(a)(1) and (b)(1). The accurate citation is 31 U.S.C. § 3729(a)(1)(A)-(B).

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

3

*Id.* at ¶¶60-61.[4]

Relator claims that these false claims to the Government and California were submitted for payment related to "custom-molded shoes" and "customized insoles" that, in his view, did not meet the relevant Medicare guidelines for such products. *Id.* at ¶ 65. Relator alleges that as a result of PLS's fraudulent conduct, the Government "suffered damages of millions of dollars in the payment, direct or indirectly, of hundreds of false and fraudulent claims." *Id.* at ¶64. As such, Relator claims that PLS is liable for "each such false and fraudulent claim" submitted to the Government. *Id.* at ¶65.

### 2. *California False Claims Act (Cal. Gov. Code § 12650 et seq.)*

Relator's second claim is based on the CFCA (Cal. Gov. Code §§ 12650-12656) Complaint at ¶¶ 67-73. Relator "incorporates by reference all allegations contained in each paragraph [1-66] as if asserted herein." *Id.* at ¶67. Specifically, he alleges that PLS "violated Cal. Gov. Code § 12651(a)(1) and (c)[5]] by knowingly presenting and causing to be presented false or fraudulent claims for payment or approval to an officer or employee of the State of California." *Id.* at ¶68. Relator further alleges that "PLS knowingly made, used, and caused to be made and used false records and statements, including but not limited to bills, invoices, and requests for reimbursement in order to obtain payment or approval of charges to the Medi-Cal program in violation of Cal. Gov. Code § 12651subd. (a)(2)." *Id.* at ¶ 69. Similar to the federal cause of action, the California false claims are related to "custom-molded shoes" and "customized insoles." *Id.* at ¶70.

---

[4] Relator alleges that PLS "defrauded the United States by submitting and receiving or having submitted and received on their behalf payment for false or fraudulent claims for payment, in violation, *inter alia*, of 31 U.S.C. § 3729(a)(3)." *Id.* at ¶62. Defense counsel is unaware of any such section to the FCA.

[5] Relator incorrectly sites a non-existent subsection(c) under the California Government Code.

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

4

Relator alleges that California suffered damages in the payment, directly or indirectly, of thousands of false claims and spent millions of dollars on claims that would not have made but for defendant's fraudulent conduct." *Id.* at ¶71.

## III.   PLEADING STANDARDS

### A.   Rule 12(c): Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. It provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which "may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." *Miller v. Indiana Hosp.*, 562 F. Supp. 1259, 1268 (WD PA 1983).

The standard applied on a Rule 12(c) motion is essentially the same as that applied in a Rule 12(b)(6) motion.  That is, judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are assumed true, the moving party is entitled to judgment as a matter of law. *See Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  Moreover, *all inferences reasonably drawn* from these facts must be construed in favor of the responding party.  *See id.*  Finally, a court may grant "partial" judgment on the pleadings where appropriate.  *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009).

### B.   Rule 9(b): Standard of Heightened Pleading Applies to FCA Claims

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness").  Allegations of fraud may be based on

"information and belief," but they are still subject to the particularity requirement. *United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004). The heightened pleading requirement serves several purposes: it ensures that the defendant has sufficient information to formulate a defense by providing adequate notice of both the nature and grounds of the claim; it reduces the number of frivolous suits brought solely to extract settlements; it eliminates fraud actions in which all the facts are learned after discovery; and it provides an increased measure of protection for defendant's reputation. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999).

The heightened pleading standard of Rule 9(b) applies to claims brought under the FCA. *See United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011); *see also United States ex rel. Lee v. SmithKline Beecham, Inc.,* 245 F.3d 1048, 1051-52 (9th Cir. 2001). To meet the heightened pleading standard under Rule 9(b) for the purposes of the FCA, a pleading must identify the: "who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso*, 637 F.3d at 1055 (citing *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

The Ninth Circuit has recognized that the "particularity" requirement of Rule 9(b) is "wholly consistent with the purpose of the FCA. . . . '[q]ui tam suits are meant to encourage *insiders privy to a fraud on the government* to blow the whistle on the crime.' . . . Because 'insiders privy to a fraud on the government' should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b)." *Bly–Magee v. State of California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (emphasis in original) (citations omitted).

//

//

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

6

IV.    **ARGUMENT**

   A.   <u>**Relator Fails to Allege Facts that Support any Violation Under**</u>
        <u>**Federal or State False Claims Acts with Sufficient Particularity**</u>

   1.   ***Relator Fails to Allege with Particularity a False or***
        ***Fraudulent Claim that Was Knowingly Presented or Caused***
        ***to Be Presented to the Government for Payment or Approval***
        ***Pursuant to 31 U.S.C. § 3729(a)(1)(A)***

Under 31 U.S.C. § 3729(a)(1)(A), Relator must plead with "particularity" that PLS: knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval. *Id.* The statute defines the term "claim" (in relevant part) as "any request or demand . . . for money or property  . . . that is presented to an officer, employee, or agent of the United States. . . ." 31 U.S.C. § 3729(b)(2)(A)(i). The Supreme Court of the United States, in reference to this section of the FCA, has stated that "[a] 'claim' now includes direct requests to the Government for payment as well as reimbursement requests made to the recipients of federal funds under federal benefits programs." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S.Ct. 1989, 1996 (2016).

As a threshold issue, a lawsuit under the FCA ***necessarily requires*** that Relator plead with particularity that defendant has made a claim (false or otherwise) to the government to obtain or retain government money or property. *See United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1173 (9th Cir. 2006); *Cafasso*, 637 F.3d 995 at 1056 (emphasis added). The Relator here, however, has not plead any specific instance of any request or demand for money or property presented to the government for any of the products manufactured by PLS, so as to establish an "actual claim" for purposes of the FCA.

Relator also has to plead with particularity that PLS made an actual fraudulent or false claim for payment. In other words, the FCA is triggered ***not by*** the alleged "underlying fraudulent activity or . . . the government's wrongful

payment," but, instead, *by a defendant's actual fraudulent claim for payment*.  *Id.*
at 1055 (citing *United States v. Rivera*, 55 F.3d 703, 709 (1st Cir. 1995)).  Simply
put, an "actual false claim is 'the sine qua non of a[n FCA] violation.'"  *Cafasso*,
637 F.3d at 1055 (quoting *United States ex rel. Aflatooni v. Kitsap Physicians
Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002)).  Even though a relator is not required to
identify "representative examples of false claims to support every allegation,"
he/she must allege "'particular details of a scheme to submit **false claims** paired
with reliable indicia that lead to a strong inference that **claims** were actually
submitted."  *Ebeid*, 616 F.3d at 998-99 (citing *United States ex rel. Grubbs v.
Ravikumar Kanneganti,* 565 F.3d 180, 190 (5th Cir.2009)) (emphasis in original);
*SmithKline,* 245 F.3d at 1051-52.

In *Ebeid*, 616 F.3d 993, Relator brought *qui tam* action under the FCA
alleging that the owner of three health care businesses submitted false certifications
to the federal government in connection with Medicare payments for the
businesses and engaged in the unlawful corporate practice of medicine.  Relator
argued that referrals among the health care businesses were unlawful, which
allegedly made fraudulent every claim for Medicare reimbursement during that
period.  *Id.* at 995.

In analyzing whether relator's second amended complaint satisfied the Rule
9(b) heightened pleading requirements, the Court stated that merely alleging that
defendant had submitted claims to the federal government that were not compliant
with various state and federal laws did not state with particularity the
circumstances constituting the alleged fraud or mistake.  *Id.* at 999.  Furthermore,
the Court stated that where the relator's complaint stated that: (a) defendant
"'concealed and failed to disclose that the Clinic's physicians had a financial
relationship to the [health businesses] to which the physicians referred patients,'"
and (b) that the allegedly unlawful "'referrals ... were made by physicians who
were employed by and whose livelihood depended upon [defendant]" it did not

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION
FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

8

meet Rule 9(b) requirements.  Specifically, Plaintiff's allegations lacked "any details or facts setting out the "'who, what, when, where, and how' of the 'financial relationship or alleged referrals.'" *Id.* at 1000 (citations omitted).  The Court observed that, "**a global indictment of [defendant's] business is not enough**" for purposes of Rule 9(b).  *Id.* at 1000 (emphasis added).

Similarly, in *SmithKline Beecham*, 245 F.3d 1048, the Ninth Circuit affirmed dismissal under Rule 9(b) of *qui tam* complaints that lack specific factual allegations of fraud.  In that case, the relator alleged that defendant "'knowingly ... changed control numbers [on various tests] to wrongfully represent that the laboratory results fell within an acceptable standard of error.'"  *Id.* at 1051.  The Court observed that "this broad claim had no factual support—[because the relator] did not specify the types of tests implicated in the alleged fraud, identify the defendant's employees who performed the tests, or provide any dates, times, or places the tests were conducted."  *Id.*  The Court observed that Rule 9(b) does not require that relator "allege, in detail, all facts supporting each and every instance of false of false testing over a multi-year period" but relator's allegations were "not 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Id.* at 1051-52 (citations omitted).

In *Cafasso*, 637 F.3d 1047, the Court found that despite access to defendant's records, as detailed in her complaint, plaintiff did not identify a single "false or fraudulent claim for payment" or "false record or statement" or any other qualifying false claim. "[I]n light of [plaintiff]'s failure to identify any particular false claims or their attendant circumstances, as well as the 'obvious alternative explanation' that no false claims occurred," the Court held that "it will not draw the unwarranted and implausible inference that discovery will reveal evidence of such false claims." *Id.* at 1057.

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

9

Similar to the *Ebeid*, *SmithKline Beecham* and *Cafasso* cases, what we have here is an indictment on PLS's business and **not a** particularized pleading with respect to a claim (fraudulent or otherwise) that was submitted to the Government or California for payment.  Relator spends over sixty paragraphs detailing what he supposedly believes is PLS's non-Medicare compliant manufacturing process of custom insoles, but misses the point.  The issue here is **not** whether PLS's custom molded shoes and/or custom insoles (for diabetic patients) passes quality control muster under any Medicare guideline, **but rather whether PLS (or anyone else) made or caused to be made a fraudulent claim for payment or approval to Medicare**.[6]  As to that issue, Relator has not (and cannot) plead with particularity a single claim implicated in the fraud.

Given that Relator cannot allege any facts related to the actual submission of any claim (fraudulent or otherwise), he necessarily cannot (and in fact does not) plead with any particularity as to **who perpetrated the alleged fraud upon the Government and/or California and how it was orchestrated.**  To make up for this pleading deficiency, Relator peppers the complaint with generalized terms, such as "fraudulent business model."  By way of example, Relator alleges, without any particular detail, that somehow PLS orchestrated a scheme under which PLS's customers (Medicare providers) were billing the government instead of PLS for the customized orthotic products.  Relator then speculates that once these providers were paid by Medicare they would "use that money to pay PLS."  Complaint at ¶ 22.  Relator fails to state with any particularity how the vaguely alleged fraudulent business model (explicit or implicit) was devised and executed by PLS.  For example, Relator fails to plead with any particularity that PLS had any knowledge

[6] PLS does not in any way concede in this brief (or otherwise) that is custom molded shoes and insoles for diabetic patients were not produced pursuant to any Medicare guideline.  It is Relator's unsubstantiated personal view (opinion) that PLS did not meet these guidelines.

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

10

that any claims were submitted by any party to Medicare, that any specific claim was actually paid out to any third party, and any specific incident where PLS was then paid from Medicare related funds by a third party customer.  Indeed, Relator merely **speculates** that PLS provided products to customers, these customers directly billed Medicare and paid PLS for the products speculatively from these funds.  These allegations are purely speculation and conjecture and fail under Rule 9(b).[7]

### 2. *Relator Fails to Allege with Particularity that PLS Knowingly Made, Used or Caused to be Made or Used, a False Record or Statement Material to a False or Fraudulent Claim Pursuant to 31 U.S.C. § 3729(a)(1)(B)*

As to 31 U.S.C. § 3729(a)(1)(B), Relator must plead that PLS: knowingly, made, used, or caused to be made or used, a false record or statement **material to a false or fraudulent claim**.  *Id.*  The term "material" is defined as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property."  31 U.S.C. § 3729(b)(4).  The existence of a false or fraudulent claim is therefore an essential element of a claim under § 3729(a)(1)(B).  *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 335 (9th Cir. 2017) (internal citations omitted).  The same heightened pleading standard applies to these allegations.  In other words, Relator has to plead with particular detail (i.e., who, what, where, when, how) of a scheme by PLS to make, use, or cause to be made or used a false record or statement that is material to false or fraudulent claim.  Given that Relator failed to plead with any particularity the submission of

---

[7] *See United States ex. rel. Atkins v. McInteer*, 470 F.3d 1350, 1358-59 (11th Cir. 2006) (explaining that there is no indicia of reliability in the complaint to support the allegation of an actual false claim for being made to the Government where Relator details a scheme then summarily concludes that the defendants submitted false claims to the government for reimbursement).

any fraudulent or false claims by PLS (or any other entity) to the Government for payment under 31 U.S.C. § 3729(a)(1)(A), it cannot and, does not, properly plead that any material false statements or records (documents) were used in this case. In fact, Relator merely pleads in generalized terms that "*[w]hatever documentation* provided to Medicare of PLS's 'customer fabrication process' is fraudulent." Complaint at ¶38 (emphasis added). "Whatever documentation" does not meet the heightened pleading requirements of Rule 9(b), as this claim must be dismissed.

**B. Relator's Claims under the CFCA Fail Because He Does Not Allege with Particularity any Misconduct by PLS Under Cal. Gov. Code §§ 12651(a)(1)-(2)**

In federal court, the *substantive elements* of a state law fraud cause of action are determined by state law. But those elements must be *pleaded* with particularity as required by Rule 9(b). *See Vess v. Civa-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

The language of the CFCA, under Cal. Gov. Code § 12651(a)(1) and (2), is generally identical to that of the FCA, 31 U.S.C. § 3729(a)(1)(A) and (B), in that it, too, requires a showing of a "false or fraudulent claim for payment or approval," "false record or statement," and a "knowing" conduct on the part of the defendant, among other elements. Relator also admits that his claims and recovery "sought on behalf of the State of California pursuant to Cal. Gov. Code § 12651 [arise] from the same transactions and occurrences as the claims brought on behalf of the United States." Complaint at ¶ 40. The only variation between the federal and state statutes is that the CFCA requires that relator plead and prove that the "false or fraudulent claim" was "presented to an officer, employee or agent of the *state*," rather than the United States. Cal. Gov. Code § 12650(b)(1)(A).

Relator fails to plead the state causes of action with particularity. Relator generally references Medicaid and/or Medi-Cal without identifying any specific Medicaid/Medi-Cal billing codes or other applicable state statutes imposing any

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

12

requirements or guidelines over the manufacturing of PLS's products or coverage for the same by the State of California. *See* Complaint at ¶¶ 10, 33-36, 50-51, 69 and 72. More importantly, Relator fails to plead with any particularity any false or fraudulent claim was submitted to a State agent. Therefore, these claims must be dismissed with prejudice for the same reasons discussed in support of dismissing the FCA claims under sections B(1) and B(2) of this Memorandum.

### C. <u>The Court Should Dismiss Relator's Claims Because He Has Not Pled Direct and Independent Knowledge of the Information on Which the Allegations are Based</u>

The *qui tam* provisions of the FCA were intended to "set up incentives to supplement government enforcement" of the Act by "encourage[ing] insiders privy to a fraud on the government to blow the whistle on the crime." *United States ex rel. Green v. Northrop,* 59 F.3d 953, 963 (9th Cir. 1995) (citations omitted) (analyzing the public disclosure bar under 31 U.S.C. § 3730(e)(4)(A)). However, "creating incentives for those with knowledge of fraud to come forward was not Congress's sole objective." *Id.* at 964. The Ninth Circuit has recognized that the Act "reflects Congress' attempt to find 'the golden mean between adequate incentives for whistle-blowing insiders with genuinely valuable information and discouragement of opportunistic plaintiffs who have no significant information to contribute on their own." *United States ex rel. Devlin v. Cal.,* 84 F.3d 358, 362 (9th Cir. 1996) (quoting *United States ex rel. Springfield Terminal Ry. Co. v. Quinn,* 14 F3d 645, 649 (D.C. Cir. 1994)); *see also United States ex rel. Aflatooni, v. Kitsap Physicians Serv.,* 163 F.3d 516, 524-25 (9th Cir. 1999) (citing *Devlin,* 84 F.3d at 361)).[8] The heightened pleading requirements of Rule 9(b) are consistent

---

[8] In the *Devlin* case, the Court held that "the relators' knowledge was not direct and independent because they did not discover firsthand the information underlying their allegations of fraud. They did not see the fraud with their own eyes or obtain

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

13

with Congress' intent to prevent parasitic lawsuits and discourage opportunistic behavior, while encouraging the filing of legitimate private *qui tam* actions.  *See Green,* 59 F.3d at 964; *Springfield Terminal*, 14 F.3d at 651.

Relator has failed to plead any direct and independent knowledge that PLS knowingly presented or caused to be presented a false or fraudulent claim for payment or approval and/or knowingly made, used, or caused to be used, a false record or statement material to a false or fraudulent claim.  Relator alleges that he is the "original source of the data analysis described" in the Complaint "that shows that the defendants' claims for payment made to the Federal and State health care programs during the period of six years prior the date of filing to the present ("device claims period") were knowingly false and fraudulent."  Complaint at ¶43. Relator, however, fails to allege to any specific inside knowledge related to the actual submission of **any specific fraudulent claim by PLS (or any other entity)** to Medicare.  Relator merely speculates that certain unidentified third parties must have billed Medicare for these products, must have been paid and, in turn, must have paid PLS from those reimbursed funds.

### D. <u>Relator's Complaint Should Be Dismissed With Prejudice Because Discovery To Date Demonstrates That Relator Can Not Plead The Requisite Particular Facts To Meet The Heightened Pleading Standard</u>

Even if Relator is allowed to amend the Complaint, he cannot allege any new facts to satisfy Rule 9(b)'s heightened pleading standard.  Indeed, as explained in PLS's Motion for Summary Judgment (filed in conjunction with this Motion) the discovery to date demonstrates that there is no genuine issue of material fact in

their knowledge of it through their own labor unmediated by anything else, but derived it secondhand."  *Id*. at 361 (examining FCA's original source requirement).

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

14

the dispute in this case.  Namely, Relator has repeatedly admitted that he does not have any direct or indirect knowledge of any false or fraudulent claims that were submitted to the Government and/or California for payment.  As such, even if Relator is allowed to amend his Complaint, it is virtually impossible for him to plead with any particularity the elements of the FCA and/or CFCA.

## V.     REQUEST FOR ATTORNEYS FEES AND COSTS

Pursuant to the FCA, prevailing defendants are entitled to reasonable attorneys' fees and expenses.  31 U.S.C. §3730(d)(4); *see also United States ex rel. Bain v. Ga. Gulf Corp.*, 208 Fed.Appx. 280 (5th Cir. 2006) (affirming district court's award of attorneys' fees to prevailing FCA defendant).  The CFCA also allows the court to award the prevailing party an award of reasonable attorneys' fees and expenses.  *See* Cal. Gov. Code §12652(g)(9)(A).  The Court may also grant costs, attorney's fees and/or impose sanctions based on Fed. R. Civ. P. 54(d) and its inherent powers.

Here, the Government declined to intervene in the action and Relator has chosen to proceed on his own.  As detailed throughout this Memorandum, Relator's *qui tam* lawsuit fails to establish genuine issue as to any material fact. Additionally, as this Motion demonstrates, pursuant to Relator's own admissions, he filed this lawsuit to **solely** annoy, harass and otherwise "punish" the CEO of PLS (his cousin).  Relator (1) admits to not having evidence of "false claims" or any "fraud" committed by PLS for that matter, (2) admits that his claims are reliant entirely on his "beliefs" and speculations, and (3) admits that had it not been for his personal problems (unrelated to the allegations raised in this case) with the representatives and employees of PLS, he would not have filed this action. (Martirosyan Decl., ¶ 3).  This is a clear demonstration of a frivolous lawsuit brought in hopes of acquiring support through discovery, which still did not result in proof as to any of Relator's claims, as detailed in PLS's Motion for Summary

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

15

Judgment. As such, Relator and/or his attorney of record are subject to any and all sanctions and costs the Court may deem appropriate.

Additionally, PLS seeks sanctions, in the form of attorneys' fees, costs and expenses, against Relator's counsel pursuant to 28 U.S.C. § 1927, for unreasonably and vexatiously multiplying the proceedings in this case by his failure to serve the Standing Order upon PLS, as ordered by the Court, or otherwise informing PLS's counsel of the requirements set out in said Order. As a result, the conference of counsel was not done in satisfaction of the Court's Standing Order and PLS's dispositive motions were subsequently stricken, necessitating the re-filing of same, along with an *ex parte* Application requesting shortening of time either as to the dispositive Motions themselves, or, in the alternative, for hearing as to PLS's Application to Extend Time.

Specifically, on May 20, 2016, just days after Relator's filing of the Complaint under seal, the Court issued a Standing Order instructing, at paragraph 15, "***Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action***."  (*See* Docket No. 5) (emphasis added). Relator, however, ***never*** served a copy of the Standing Order upon PLS. (Martirosyan Decl., ¶ 4). Contrary to Relator's counsel's claim that his failure to serve the Standing Order is a simple "lapse" on his part, his conduct throughout the course of this litigation suggests otherwise, including but not limited to: his insistence that the meet and confer regarding PLS's intended dispositive motions take place in writing (Martirosyan Decl., ¶ 6); his failure to produce documents in response to discovery requests and failure to even acknowledge their existence until the Relator admitted, during his deposition, that such documents do exist and have been provided to his attorney (Martirosyan Decl., ¶ 8);[9] and his failure to

---

[9]  Even then, Relator's counsel failed to produce the same after multiple requests and weeks of waiting.  (Martirosyan Decl. ¶ 8).

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

16

serve PLS with copies of dozens of subpoenas issued to its customers, in violation of Fed. R. Civ. Proc. 45(a)(4). (Martirosyan Decl., ¶ 9).

## VI.    CONCLUSION

For the aforementioned reasons, PLS respectfully requests that Court grant the Motion for Judgment on the Pleadings and dismiss Realtor's Complaint with prejudice. PLS also requests that the Court grant its request for reasonable attorneys' fees and expenses in the amount of $26,650.00. (Martirosyan Decl., ¶¶ 11-13).

Dated: April 9, 2018              **MARTIROSYAN P.C.**


                                  */s/ Edgar Martirosyan*
                                  Edgar Martirosyan, Esq.
                                  Attorney for Defendant, PLS DIABETIC
                                  SHOE COMPANY

**DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)**

17

## **CERTIFICATE OF SERVICE**

**United States of America ex rel. Arthur Afionyan, and State of California ex rel. Afionyan**

**v. Pedorthic Lab Specialist Custom Shoe Co.**

**Case No.:** CV16-03268-JFW (KSx)

I, the undersigned, hereby certify that on April 9, 2018, a copy of the foregoing DEFENDANT PLS DIABETIC SHOE COMPANY'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C); REQUEST FOR ATTORNEYS' FEES AND COSTS, along with supporting documents, were filed electronically.   Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By:      /s/ *Edgar Martirosyan*

Edgar Martirosyan, Esq.