ROB HENNIG (STATE BAR NO. 174646)
SHOSHEE HUI (STATE BAR NO. 311866)
DAT TOMMY PHAN (STATE BAR NO. 316813)
HENNIG RUIZ & SINGH
3600 WILSHIRE BLVD., SUITE 1908
LOS ANGELES, CA 90010
TELEPHONE: (213) 310-8301
FAX: (213) 310-8302
ROB@EMPLOYMENTATTORNEYLA.COM

Attorneys for Plaintiff/Relator ARTHUR AFIONYAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICAN, *ex rel.* ARTHUR AFIONYAN, and STATE OF CALIFORNIA, *ex rel.* AFIONYAN<br><br>Plaintiff/Relator,<br><br>v.<br><br>PEDORTHIC LAB SPECIALIST CUSTOM SHOW CO,<br><br>Defendant. | Case No. CV 16-03268-JFW (KSx)<br><br>**RELATOR'S EVIDENTIARY OBJECTIONS IN SUPPORT OF RELATOR'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:          May 14, 2018<br>Time:          1:30 p.m.<br>Judge:         Hon. John F. Walker<br>Courtroom:  7A<br><br>PTC Date:    May 25, 2018<br>Trial Date:   June 12, 2018<br><br>*[Filed concurrently with Relator's Opposition to Defendant PLS Diabetic Company's Motion for Judgment on the Pleadings; Memorandum of Points and Authority in Support Thereof]*<br><br>Complaint Filed: May 12, 2016 |

HENNIG
RUIZ &
SINGH

1

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Relator Arthur Afionyan submits this Memorandum of Evidentiary Objections to the Declaration of Edgar Martirosyan in Support of PLS in Support of PLS Diabetic Shoe Company's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)

Declaration of Edgar Martirosyan Paragraph 1

Objection to the supporting declaration of Edgar Martirosyan paragraph 1 ("I am an attorney at law duly licensed to practice before the courts of the State of California. I am the principal attorney at Martirosyan Professional Corporation and counsel of record for Defendant PLS Diabetic Shoe Company, Inc., erroneously sued as Pedorthic Lab Specialist Custom Shoe Co. ("PLS"). I submit this declaration in support of PLS's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c).") as hearsay. Fed. R. Evid. 801.

Declaration of Edgar Martirosyan Paragraph 2

Objection to the supporting declaration of Edgar Martirosyan paragraph 2 ("I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.") as hearsay. Fed. R. Evid. 801.

Declaration of Edgar Martirosyan Paragraph 3

Objection to the supporting declaration of Edgar Martirosyan paragraph 3 ("During his deposition and in discovery responses, Relator has admitted (1) to not having evidence of "false claims" or any "fraud" committed by PLS for that matter, (2) that his claims are reliant entirely on his "beliefs" and speculations, and (3) that had it not been for his personal problems (unrelated to the allegations raised in this case) with the representatives and employees of PLS, he would not have filed this

HENNIG
RUIZ &
SINGH

action.") as hearsay. Fed. R. Evid. 801. It also misstates the testimony and violates best evidence rule.

Declaration of Edgar Martirosyan Paragraph 4

Objection to the supporting declaration of Edgar Martirosyan paragraph 4 ("Relator never served a copy of the Standing Order upon PLS.") as hearsay. Fed. R. Evid. 801. It also misstates the testimony and violates best evidence rule.

Declaration of Edgar Martirosyan Paragraph 5

Objection to the supporting declaration of Edgar Martirosyan paragraph 5 ("Relator's counsel admitted that it never served the Standing Order upon PLS, and called it a simply "lapse" on his part." as hearsay. Fed. R. Evid. 801.

Declaration of Edgar Martirosyan Paragraph 6

Objection to the supporting declaration of Edgar Martirosyan paragraph 6 ("On March 16, 2018, I initiated conference of counsel for PLS's intended dispositive motions, including the Motion for Judgment on the Pleadings, at the conclusion of the Relator's continued deposition. Relator's counsel, however, declined to conduct same in person and asked me to write him on the matter instead.") as hearsay. Fed. R. Evid. 801. It also misstates the testimony and violates the best evidence rule.

Declaration of Edgar Martirosyan Paragraph 7

Objection to the supporting declaration of Edgar Martirosyan paragraph 7 ("Relator's counsel failed to even inform me about (or participate in the preparation of) the "joint statement" required to be filed "within three days of the conference" per the Court's Standing Order.") as hearsay. Fed. R. Evid. 801. It also misstates the testimony and violates the best evidence rule.

HENNIG
RUIZ &
SINGH

Declaration of Edgar Martirosyan Paragraph 8

Objection to the supporting declaration of Edgar Martirosyan paragraph 8 ("Relator's counsel has also failed to produce documents in response to discovery requests and failed to even acknowledge their existence until the Relator admitted during his deposition that such documents do exist in his possession and have been provided to his attorney. And even then, Relator's counsel failed to produce the same after multiple requests and weeks of waiting.") as hearsay. Fed. R. Evid. 801. It also misstates the testimony and violates the best evidence rule.

Declaration of Edgar Martirosyan Paragraph 9

Objection to the supporting declaration of Edgar Martirosyan paragraph 9 ("Relator's counsel issued dozens of subpoenas in this case to PLS's customers and failed to provide me with copies of same pursuant to Federal Rule of Civil Procedure 45(a)(4). Relator's counsel provided me with copies of those subpoenas only after I learned of one such subpoena and confronted Relator's counsel with same.") as hearsay. Fed. R. Evid. 801. It also misstates the testimony and violates the best evidence rule.

Declaration of Edgar Martirosyan Paragraph 10

Objection to the supporting declaration of Edgar Martirosyan paragraph 10 ("The Motion for Judgment on the Pleadings is made following the in person conference of counsel, pursuant to Local Rule 7-3, which took place on April 2, 2018, at approximately 3:00 p.m., at the office of counsel for Relator, Hennig Ruiz P.C., located at 3600 Wilshire Blvd., Suite 1908, Los Angeles, CA 90010, and the Court's March 27, 2018 Order (Docket No. 32).") as hearsay. Fed. R. Evid. 801. It also misstates the testimony and violates the best evidence rule.

Declaration of Edgar Martirosyan Paragraph 11

HENNIG
RUIZ &
SINGH

1  Objection to the supporting declaration of Edgar Martirosyan paragraph 11 ("I
2  spent approximately forty (40) hours preparing Defendant's Motion for Judgment
3  on the Pleadings, including this Declaration in support thereof. I anticipate
4  spending another (20) hours preparing a reply to Relator's opposition and preparing
5  for and appearing at the hearing.") as hearsay. Fed. R. Evid. 801. It also misstates
6  the testimony and violates the best evidence rule.

7

8  <u>Declaration of Edgar Martirosyan Paragraph 12</u>
9  Objection to the supporting declaration of Edgar Martirosyan paragraph 12
10 ("Moreover, I spent additional twenty two (22) hours preparing the Ex Parte
11 Application and Motion to Extend Time, filed concurrently with the re-filed Motion
12 for Judgment on the Pleadings, with amendments, necessitated by Relator's failure
13 to serve the Standing Order upon PLS.") as hearsay. Fed. R. Evid. 801. It also
14 misstates the testimony and violates the best evidence rule.

15

16 <u>Declaration of Edgar Martirosyan Paragraph 13</u>
17 Objection to the supporting declaration of Edgar Martirosyan paragraph 13 ("My
18 hourly billing rate for this matter is $325.00 an hour." as hearsay. Fed. R. Evid.
19 801. Objection on relevance grounds.

20

21        Dated: April 23, 2018          HENNIG RUIZ & SINGH
22
23                             By:    /s/ Dat Tommy Phan
24                                    Rob Hennig
                                      Shoshee Hui
25                                    Dat Tommy Phan
26                                    Attorneys for Plaintiff/Relator
                                      ARTHUR AFIONYAN
27
28

HENNIG
RUIZ &
SINGH

5