Edgar Martirosyan SBN 260250
Email: em@mpclegal.com
MARTIROSYAN P.C.
15720 Ventura Blvd., Suite 229
Encino, CA 91436
Telephone:   (818) 528-8700
Facsimile:   (818) 528-8704

Attorney for Defendant,
PLS DIABETIC SHOE COMPANY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ARTHUR AFIONYAN, and STATE OF CALIFORNIA ex rel. AFIONYAN<br><br>                 Plaintiffs,<br><br>        vs.<br><br>PEDORTHIC LAB SPECIALIST CUSTOM SHOE CO.<br><br>Defendant. | Case No: CV 16-03268-JFW (KSx)<br><br>**DEFENDANT PLS DIABETIC SHOE COMPANY'S REPLY TO RELATOR'S OPPOSITION TO PLS'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    May 14, 2018<br>Time:    1:30 p.m.<br>Judge:  Hon. John F. Walter<br>Courtroom: 7A<br><br>Pre-Trial Conference Date: 5/25/18<br>Trial Date: 6/12/18 |

**DEFENDANT PLS DIABETIC SHOE COMPANY'S REPLY TO RELATOR'S OPPOSITION TO PLS'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

**Page**

I.     **INTRODUCTION**……………………………………………….......1

II.    **ARGUMENT**……………………………………………….…..2

     A. **The Pending Motion Is Timely And Appropriate**……………....2

     B. **Relator's Opposition Fails to Explain How its Complaint Meets the FRCP 9(b) Heightened Pleading Standard With Respect to a "Claim" Under The FCA**……………………………...…….……...2

         1. *The Opposition Mischaracterizes the Allegations in the Complaint in that Relator Never Alleged Legally False (Implied or Express) FCA and/or CFCA Claims*…………….3

         2. *Notwithstanding Relator's Shift in Legal Theory, Relator's Opposition Fails to Demonstrate How it Properly Pled the Falsity Requirements under either a Factual or Legal Falsity Theory* …………………………………………..……….4

         3. *Relator's Opposition Fails to Demonstrate where in the Complaint Relator Has Pled with any Particularity that PLS Knowingly Made, Used or Caused to be Made or Used, a False Record or Statement Material to a False or Fraudulent Claim Pursuant to 31 U.S.C.§ 3729(a)(1)(B)*……….………..6

         4. *Relator's Characterization of Alleged Payments for Claims as Reimbursements (as Opposed to Direct Payments) Does Not Eliminate the Requirement that Relator Must Allege the Circumstances Surrounding the Fraud with Particularity*….7

     C. **Relator Should Not Be Granted Leave to Amend Because An Amendment Would Be Futile**………………………...….…...9

     D. **PLS Is Entitled To Attorneys' Fees and Costs** ………….……....11

     E. **The Court Should Not Strike The Declaration of Edgar**

**Martirosyan, Esq. Because It Did Not Seek To Introduce Any
Matters Outside The Pleadings, But Merely Declared That The
Parties Met and Conferred Regarding The Motions and
Attorneys' Fees Incurred To Date**……………………...…………12

**III.    CONCLUSION**………………………………………………...……12

# TABLE OF AUTHORITIES

**CASES**                                                                      **Page(s)**

*Bly–Magee v. State of California*,

   236 F.3d 1014 (9th Cir. 2001) …………………………….……………4

*Carrico v. City & County of San Francisco*,

   656 F.3d 1002, 1008 (9th Cir. 2011) …………………………….……10

*Cowen v. Bank United of Texas, FSB*,

   70 F3d 937 (7th Cir. 1995) ……………………………………….....9

*Ebeid ex rel. United States v. Lungwitz*,

   616 F.3d 993 (9th Cir. 2010) …………………………………..…..3-5, 8

*FDIC v. Conner*,

   20 F.3d 1376, 1385 (5th Cir. 1994) …………………………….……10

*HSBC Realty Credit Corp. (USA) v. O'Neill*,

   745 F.3d 564, 578 (1st Cir. 2014) …………………………….…..…..10

*Invest Almaz v. Temple-Inland Forest Products Corp.*,

   243 F.3d 57 (1st Cir. 2001) …………………………………….……9

*Kaplan v. Rose*,

   49 F.3d 1363 (9th Cir. 1994) …………………………………..……9

///

///

*Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Ed.*,

    616 F3d 963, 972 (9th Cir. 2010) …………………………………….………10

*United States v. Corinthian Colleges*,

    655 F3d 984, 995 (9th Cir. 2011) ……………………….…………………10

*United States v. Rivera*,

    55 F.3d 703 (1st Cir. 1995)…………………………………….………...5

*United States ex rel. Bain v. Ga. Gulf Corp.*,

    208 Fed.Appx. 280 (5th Cir. 2006) ……………….……..……………...11

*United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*,

    637 F.3d 1047 (9th Cir. 2011) …………………………………….....…3-5, 8

*United States ex rel Conner v. Salina Regional Health Center*,

    543 F.3d 1211 (10th Cir. 2008) …………………………………...……3

*United States ex rel. Green v. Northrop*,

    59 F.3d 953 (9th Cir. 1995) …………………………………….....................2

*United States ex rel. Grubbs v. Ravikumar Kanneganti*,

    565 F.3d 180 (5th Cir. 2009)………………………………...…..…..5

*United States ex rel. Hendow v. Univ. of Phx.*,

    461 F.3d 1166 (9th Cir. 2006)…………………………….……………4

///
///

**DEFENDANT PLS DIABETIC SHOE COMPANY'S REPLY TO RELATOR'S OPPOSITION TO PLS'S MOTION FOR JUDGMENT ON THE PLEADINGS**

*United States ex rel. Lee v. SmithKline Beecham, Inc.,*

245 F.3d 1048 (9th Cir. 2001)..........................…………………….....5, 8

*United States ex rel. Vatan v. QQTC Medical Services Inc.,*

2018 WL 387286 (9th Cir. 2018) …………….…...………….…………..……7-8

**STATUTES**

28 U.S.C. § 1927……………………………………………………...………..11

31 U.S.C. § 3729 *et seq.* …….............................................1-3, 5, 8-9, 11

31 U.S.C. § 3729(a)(1)………………………………………………..4

31 U.S.C. § 3729(a)(1)(A)……………………………………….…………..4

31 U.S.C. § 3729(a)(1)(B)……………………………………….……………… 6

31 U.S.C. § 3729(a)(2) …………………………………………………..4

31 U.S.C. §3730(d)(4) …………………………………...…………11-12

Cal. Gov. Code § 12650 *et seq.*........................................................1-3, 11

Cal. Gov. Code § 12651(a)(1)………………………………….…….……2

Cal. Gov. Code § 12651(a)(2)…………………………………….…..…..2

Cal. Gov. Code § 12652(g)(9)(A) …………………………………...…...11-12

**RULES**

Fed. R. Civ. P. 9(b)………………………………….………..2-4, 7-8, 11

Fed. R. Civ. P. 12(b)(6)……………………………...……………...…10

Fed. R. Civ. P. 12(c)………………………………………………..2

Fed. R. Civ. P. 54(d)……………………………………...………11-12

## REPLY TO OPPOSITION TO
## MOTION FOR JUDGMENT ON THE PLEADINGS

### I.    INTRODUCTION

Relator Arthur Afionyan's ("Relator") *qui tam* Complaint alleges two causes of action under the Federal False Claims Act: 31 U.S.C. § 3729 *et seq.* ("FCA"), and its state counterpart, the California False Claims Act, Cal. Gov. Code § 12650 *et seq.* ("CFCA") against his former employer, Defendant PLS Diabetic Shoe Company, erroneously sued as Pedorthic Lab Specialist Custom Shoe Company ("PLS").  At all times in the Complaint, Relator claims that PLS was involved in a scheme to defraud the United States and/or California by submitting fraudulent claims for payment for "custom-molded shoes" and "customized insoles" made for diabetic patients.[1]  Because Relator is accusing PLS of fraudulent conduct, he **must** plead the circumstances (who, what, when and where) of the fraud with **particularity.**  Relator has failed to do so and, as discovery to date demonstrates, any amendment would be futile.  Relator's Opposition merely reiterates the same non-particularized allegations, but with a twist.  Namely, Relator now seeks to save the action by claiming that its Complaint is based upon a theory of false certification (express and implied).

However, Relator, again, misses the mark.  First, nowhere in the Complaint does Relator allege facts in support of a false certification theory of this case.  Second, notwithstanding the failure to plead that matter, a claim under the FCA for false certification is also subject to the heightened pleading standards under Rule

---

[1]PLS understands that this motion precludes reference to matters outside the pleadings.  Nonetheless, PLS seeks to notify the Court that Relator has effectively withdrawn his allegation(s) that PLS manufactured non-compliant custom shoes.  As such, the Opposition's continued reference to non-custom molded shoes is confusing.

9(b) and Relator would have to properly plead a fraudulent course of conduct that resulted in the submission of false claim(s) for which payment was received.

In sum, Relator has not (and cannot) plead with particularity: (a) a single fraudulent claim; (b) who perpetrated the alleged fraud upon the Government and/or California; (c) what the fraudulent scheme was, and (d) how and when it was orchestrated. Relator only pleads speculative and generalized allegations that do not meet the heightened pleading requirements of Rule 9(b). Thus, the Complaint must be dismissed. Any amendment to the pleading would be futile because Relator cannot allege any new facts to satisfy the heightened pleading requirement.

## II.   ARGUMENT

### A. <u>The Pending Motion Is Timely And Appropriate</u>

Relator commits an entire section to discussing how PLS's MJOP should be denied because it was filed two months before trial without any authority for its position. PLS's MJOP was filed within the proper time limits prescribed in Fed. R. Civ. P. 12(c) and was specifically allowed by the Court. (Docket No. 32.)

### B. <u>Relator's Opposition Fails to Explain How its Complaint Meets the FRCP 9(b) Heightened Pleading Standard With Respect to a "Claim" Under The FCA</u>[2]

As discussed at length in the MJOP, the heightened pleading requirements of Rule 9(b) are consistent with Congress' intent to prevent parasitic lawsuits and discourage opportunistic behavior, while encouraging the filing of legitimate private *qui tam* actions. *See United States ex rel. Green v. Northrop,* 59 F.3d 953, 964 (9th Cir. 1995). Again, to meet the heightened pleading standard under Rule 9(b) for the purposes of the FCA, a pleading must identify the: "who, what, when,

---

[2] Given that the Opposition does not address PLS's argument that Relator failed to properly allege its CFCA under the Cal. Gov. Code §§ 12651(a)(1)-(2), PLS will not repeat those arguments here but will incorporate them by reference.

where, and how of the misconduct charged," as well as "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citing *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

> ### 1. The Opposition Mischaracterizes the Allegations in the Complaint in that Relator Never Alleged Legally False (Implied or Express) FCA and/or CFCA Claims

Unable to allege a single fraudulent claim in their Complaint, and incapable of overcoming this hurdle in their Opposition, Relator turns the issue on its head for the first time in the Opposition by attempting to suggest that its Complaint is based on a legally false certification theory of a "false claim." To be sure, Relator's Complaint makes no such allegations. However, even if we were to assume that it did so, Relator's Complaint still fails to meet the heightened pleading requirements under Rule 9(b).

There are two types of actionable claims under the FCA: factually false claims and legally false claims (which include express or implied certification cases). *See Ebeid*, 616 F.3d at 996 (9th Cir. 2010); *See also United States ex rel Conner v. Salina Regional Health Center*, 543 F.3d 1211, 1217 (10th Cir. 2008). In a factually false claims case, a relator must generally show that the government payee has submitted "an incorrect description of goods or services provided or a request for reimbursement for goods or services never provided." *Conner, 543 F.3d at 1217* (citations omitted). When a claim is based on an alleged legal falsehood, the relator must demonstrate that the defendant has 'certifie[d] compliance with a statute or regulation as a condition to government payment,' **yet knowingly** failed to comply with such statute or regulation." *Id*. (emphasis added). Legally false claims include express false certification and implied false certification. *Id*.

In the Opposition, Relator claims that he is alleging a theory of liability based on legal false certification.  This is inaccurate.  At all times Relator has alleged two causes of action all stemming from the allegation that "PLS has **presented and caused to be presented to the United States and its agents false and fraudulent claims for payment**, in violation, *inter alia*, of 31 U.S.C. § 3729(a)(1)"; and that "PLS, in reckless disregard or deliberate ignorance of the truth or falsity of the information involved, **made, used, caused to be made or caused to be used, false or fraudulent records and statements to get false or fraudulent claims paid or approved,** in violation, *inter alia*, of 31 U.S.C. § 3729(a)(2).  Complaint at ¶¶60-61 (emphasis added). PLS's Opposition seeks to muddy the waters by referring to alleged certifications made by third party physicians; however, these supposed certifications by others cannot form the basis for a legal certification cause of action against PLS.

> ### 2. *Notwithstanding Relator's Shift in Legal Theory, Relator's Opposition Fails to Demonstrate How it Properly Pled the Falsity Requirements under either a Factual or Legal Falsity Theory*

Under 31 U.S.C. § 3729(a)(1)(A), Relator must plead with "particularity" that PLS: knowingly presented, or caused to be presented, a false or fraudulent claim for payment or approval.  *See Bly–Magee v. State of California*, 236 F.3d 1014, 1018-19 (9th Cir. 2001); *United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1173 (9th Cir. 2006); *Cafasso*, 637 F.3d at 1056 (emphasis added). Additionally, "to survive a Rule 9(b) motion to dismiss, a complaint alleging implied **false** certification must plead with particularity allegations that provide a reasonable basis to infer that (1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a **claim** for payment and that (2) **claims** were submitted (3) even though the defendant was not in compliance with that law, rule or regulation." *Ebeid*, 616 F.3d at 997-98 (citations

omitted).  Even though a relator is not required to identify "representative examples of false claims to support every allegation," he/she must allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted."  *Id.* at 998-99 (citing *United States ex rel. Grubbs v. Ravikumar Kanneganti,* 565 F.3d 180, 190 (5th Cir. 2009)) (emphasis in original); *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051-52 (9th Cir. 2001).

          The Relator here, however, fails to plead with particularity that PLS made an actual fraudulent or false claim for payment.  In other words, and as discussed at length in the MJOP, the FCA is triggered **not** by the alleged "underlying fraudulent activity or . . . the government's wrongful payment," but, instead, **by a defendant's actual fraudulent claim for payment**.  *Cafasso,* 637 F.3d at 1055 (citing *United States v. Rivera*, 55 F.3d 703, 709 (1st Cir. 1995)).   Relator also fails to address the *Ebeid*, *SmithKline Beecham* and *Cafasso* line of cases discussed at length in PLS's MJOP (Sections IV(A)(1) at pg. 7), which clearly demonstrate that Relator must plead with particularity that PLS (or anyone else) made or caused to be a made a fraudulent claim for payment or approval to Medicare and the facts and circumstances surrounding the fraudulent conduct.

          In short, and as noted in the MJOP, Relator cannot and does not allege any facts related to the actual submission of any claims (fraudulent or otherwise), let alone "with particularity" **who perpetrated the alleged fraud upon the Government and/or California and how it was orchestrated.**  Constantly referring to a "fraudulent business model," without more, simply does not suffice.

///
///
///
///
///

**3.** ***Relator's Opposition Fails to Demonstrate where in the Complaint Relator Has Pled with any Particularity that PLS Knowingly Made, Used or Caused to be Made or Used, a False Record or Statement Material to a False or Fraudulent Claim Pursuant to 31 U.S.C.§ 3729(a)(1)(B)***

Despite a misleading heading in its Opposition suggesting that Relator "[a]llege[s] with [p]articularity [h]ow Defendant PLS **[k]nowingly, or [r]ecklessly or with [d]eliberate [i]gnorance**" brought about the Complaint**,** Relator's Opposition does not contain one line addressing the pleading of the "scienter" prong of its alleged causes of action, let alone doing so "with particularity."

Instead of addressing how its Complaint meets the heightened pleading requirement with respect to the scienter element of the causes of action alleged, Relator goes off into distant lands and discusses various cases for different propositions, none of which discuss the pleading of the "scienter" component of Relator's causes of action.  Indeed, Relator dedicates most of the section to attempting to casually deny that its Complaint says what it actually says.  Specifically, as noted in the MJOP, Relator's Complaint generally alleges that "whatever documentation" PLS provided to Medicare "is fraudulent."  Complaint at ¶38.  Relator now claims – in its Opposition – that it has said no such thing.  To prove this, it simply points to certain sections of its Complaint that rehash the technical requirements imposed by federal statutes or regulations (which, again, have nothing to do with pleading the scienter element of the causes of action, as discussed in detail in the MJOP).

///
///
///
///
///

**4.** ***Relator's Characterization of Alleged Payments for Claims as Reimbursements (as Opposed to Direct Payments) Does Not Eliminate the Requirement that Relator Must Allege the Circumstances Surrounding the Fraud with Particularity***

Relator claims that "[w]hile [sic] Relator may not be directly requesting payment from the federal and state government, it is effectively seeking reimbursements from medical offices, which are billing the government on behalf of diabetic patients and receiving Medicare and Medicate dollars." (Opposition 13:18-22). Whether the claim is a direct claim and/or reimbursement is irrelevant for the purposes of the MJOP. Once again, Relator fails to allege with any particularity the conduct that led to the collection of any alleged reimbursement (fraudulent or otherwise). For example, Relator never alleges any specifics as to whether he was privy to any of billing and reimbursement processes of the alleged "middle men" or PLS customers. Relator generally alleges that there are specific Medicare codes and regulations, that he worked at PLS and that he believes that certain fraudulent payments must have been made by certain unnamed entities to PLS. Furthermore, Relator has failed to plead with any specificity any specific instance of any request or demand presented to any third party for any of the products manufactured by PLS, so as to establish any fraudulent reimbursement claim. Finally, Relator does not plead with any specificity if any of PLS's customers' patients are covered under Medicare, Medicaid or Medi-Cal, in which instances its customers bill to any government benefits programs, and in which instances they actually get paid by the government.

Relator tries to skirt around this issue by: (1) citing to *United States ex rel. Vatan v. QQTC Medical Services Inc.*, 2018 WL 387286 *1 (9th Cir. 2018), which is an unpublished, non-precedential case inappropriate for citing and, notwithstanding, does not inform on this case in any useful manner, to argue that he has met the Rule 9(b) pleading requirements; and (2) arguing that he "need only

meet a relaxed standard of particularity when the relevant information lies in the exclusive possession and control of defendant." (Opposition 14:1-28).

Relator's reliance on *Vatan* is misplaced because even though *Vatan* references certain legal standards with respect to the FCA and Rule 9(b), it does not provide enough factual details and correlative legal analysis to determine whether the allegations alleged in the operative complaint in *Vatan* are even comparable to this case. *Vatan* Court summarily states that in the underlying case that gave rise to the appeal, the who, what, when and where were met, but it does not provide the underlying factual details to even draw factual comparison's with the case at bar. Though the legal sound-bites Relator chose to use from *Vatan* sound like they are in his favor, the actual case does not inform on Relator's Complaint. The cases that **do inform** as to Rule 9(b) pleading requirements in this case are those cited by PLS (namely, *Ebeid, SmithKline* and *Cafasso*) in the MJOP, none of which are materially addressed by Relator.

Relator's claim that he is allowed to meet a relaxed standard of particularity is inaccurate. Relator seeks to apply a relaxed standard because he did not (and cannot) allege knowledge of the billing practices of customers ordering from PLS, let alone the specifics of how or how much they charge or get paid with respect to each of their patients. And evidently, Relator's allegations of "claims" presented to the government are derived from nothing more than his mere presumption that if one has diabetes, he/she must be covered under Medicare.

The Court in *SmithKline,* 245 F.3d, at 1052, addressed this very issue where the relator in that case argued that he was entitled to a relaxed standard because the "information supporting his claims [was] in the possession of [defendant]." The Court stated that "Rule 9(b) may be relaxed to permit discovery in a limited class of corporate fraud cases where the evidence of fraud is within a defendant's exclusive possession. . . . However, given that [Relator] worked as a supervisor . . .for over twenty years, was knowledgeable about the tests allegedly falsified, and

was employed by [Defendant] when he filed this action, he cannot fairly allege that [Defendant] has sole possession of facts evidencing an FCA violation. In light of these circumstances, [Relator] [had] no legitimate excuse for filing a vague complaint that does not assert particular details to support its allegations of fraud." *Id.* at 1052.

Relator alleges that he is the "original source of the data analysis described" in the Complaint "that shows that the defendants' claims for payment made to the Federal and State health care programs during the period of six years prior the date of filing to the present ("device claims period") were knowingly false and fraudulent." Complaint at ¶ 43.  Relator, however, fails to allege to any specific inside knowledge related to the actual submission of **any specific fraudulent claim by PLS (or any other entity)** to Medicare.  Relator merely speculates that certain unidentified third parties must have billed Medicare for these products, must have been paid and, in turn, must have paid PLS from those reimbursed funds.

C. <u>Relator Should Not Be Granted Leave to Amend Because An Amendment Would Be Futile</u>

Courts may deny leave to amend where the moving party either knew or should have known when drafting the original pleading the facts on which the amendment was based, bud did not include them in the original pleading.  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *see also Invest Almaz v. Temple-Inland Forest Products Corp.*, 243 F.3d 57, 72 (1st Cir. 2001) (what plaintiff should have known and what he should have done "are relevant to the question of whether justice requires leave to amend").  Also, where plaintiff has had adequate opportunity for discovery and defendant's motion for summary judgment is pending, leave to amend may be denied unless plaintiff can produce "substantial and convincing evidence" supporting the proposed amendment.  *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 944 (7th Cir. 1995).  Finally, leave to amend may be denied if the proposed amendment is *futile* or would be subject to

dismissal.  *See Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008  (9th Cir. 2011); *FDIC v. Conner,* 20 F.3d 1376, 1385 (5th Cir. 1994) (amendment futile if statute of limitations has run).  In assessing futility, the court applies the same standard governing Rule 12(b)(6) motions to dismiss: i.e., a proposed amendment is futile if it "does not plead enough to make out a plausible claim for relief." *HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 578 (1st Cir. 2014).   Under this analysis the court determines if the complaint's "deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F3d 984, 995 (9th Cir. 2011);  *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Ed.*,  616 F3d 963, 972 (9th Cir. 2010) (proposed amendment is futile if clear that complaint could not be saved by any amendment).

Relator requests the ability to amend the Complaint so as to add five new allegations that would supposedly resolve the pleading defects in this matter. For the reasons detailed below, the proposed allegations do not satisfy the heightened pleading requirements in this case.  Discovery to date demonstrates that Relator cannot plead the requisite particular facts to meet the heightened pleading standard. By way of example, Relator seeks to add a new allegation that "he began working at PLS in or around 2009 with job duties that encompassed every step of the process of making PLS's custom diabetic insoles."  (Opposition 20:10-11). However, based on Relator's own deposition testimony he has admitted that he is, in fact, not familiar with "every step of the process" because he does not have any knowledge with respect to PLS's or any other third parties' billing practices with respect any manufactured products.  As for Relator's proposed amendment to allege patients of a Damar Medical Industries would "attest to the fact that Kaiser/Medicare was billed to cover the costs of the inserts and/or orthotics they purchased from DMI," (Opposition 20:21-22) it's completely futile because the

**DEFENDANT PLS DIABETIC SHOE COMPANY'S REPLY TO RELATOR'S OPPOSITION TO PLS'S MOTION FOR JUDGMENT ON THE PLEADINGS**

proposed amendment does not state that these inserts and/or orthotics were manufactured or in any way connected to PLS. Additionally, the use of the backslash is extremely confusing in that it's unclear if both entities were billed.

Even if Relator is allowed to amend the Complaint, he cannot allege any new facts to satisfy Rule 9(b)'s heightened pleading standard. Indeed, as explained in PLS's Motion for Summary Judgment, the discovery to date demonstrates that there is no genuine issue of material fact in the dispute in this case. As such, even if Relator is allowed to amend his Complaint, it is virtually impossible for him to plead with any particularity the elements of the FCA and/or CFCA.

### D. **PLS Is Entitled To Attorneys' Fees and Costs**

Pursuant to the FCA, prevailing defendants are entitled to reasonable attorneys' fees and expenses. *See* 31 U.S.C. §3730(d)(4); *see also United States ex rel. Bain v. Ga. Gulf Corp*, 208 Fed.Appx. 280 (5th Cir. 2006) (affirming district court's award of attorneys' fees to prevailing FCA defendant).

Here, the Government declined to intervene in the action and Relator chose to proceed on his own. As detailed in the MJOP, Relator's *qui tam* lawsuit fails to meet the heightened pleading requirements under Rule 9(b) and, moreover, an amendment of the Complaint will not cure this defect. Additionally, as PLS's Motion for Summary Judgment demonstrates, Relator filed this lawsuit to ***solely*** annoy, harass and generally "punish" the CEO of PLS (his cousin).

Furthermore, in the MJOP, PLS requested that the Court grant its request for attorneys' fees and expenses, which included sanctions in the form of attorneys' fees, costs and expenses against Relator's counsel, in the amount of $26,650.00 pursuant to 31 U.S.C. § 3730(d)(4), Cal. Gov. Code § 12652(g)(9)(A), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1927. In light of the Court's Order of April 11, 2018, (Docket No. 41) PLS has informed Relator's counsel that PLS will only be seeking $19,500.00 in attorneys' fees and expenses. Therefore, PLS requests that the Court grant its request for attorneys' fees and expenses in the

amount of $19,500.00 pursuant to 31 U.S.C. § 3730(d)(4), Cal. Gov. Code §12652(g)(9)(A), and Federal Rule of Civil Procedure 54(d).

**E.  The Court Should Not Strike The Declaration of Edgar Martirosyan, Esq. Because It Did Not Seek To Introduce Any Matters Outside The Pleadings, But Merely Declared That The Parties Met and Conferred Regarding The Motions and Attorneys' Fees Incurred To Date**

Relator blatantly misrepresents to the Court the nature of the Martirosyan declaration that was filed in support of the MJOP.  That declaration addressed **only two issues**: (1) it attested to the date and time of the meet and confer in anticipation of the MJOP (which is a requirement per the Local Rules) and (2) stated Mr. Martirosyan's hourly rate because PLS is seeking attorneys' fees, costs and expenses, as it is entitled to do so pursuant to statute.  Contrary to Relator's representations in the Opposition, the Martirosyan declaration did ***not*** include any materials related to matters outside the pleadings for issues germane to the causes of action alleged by Relator.

**III.  CONCLUSION**

For the aforementioned reasons, PLS respectfully requests that Court grant the Motion for Judgment on the Pleadings and dismiss Realtor's Complaint with prejudice. PLS also requests that the Court grant its request for reasonable attorneys' fees and expenses.

Dated: April 30, 2018                    **MARTIROSYAN P.C.**


                                         */s/ Edgar Martirosyan*
                                         Edgar Martirosyan, Esq.
                                         Attorney for Defendant, PLS DIABETIC
                                         SHOE COMPANY

**CERTIFICATE OF SERVICE**

**United States of America ex rel. Arthur Afionyan, and State of California ex rel. Afionyan**

**v. Pedorthic Lab Specialist Custom Shoe Co.**

**Case No.:** CV16-03268-JFW (KSx)

      I, the undersigned, hereby certify that on April 30, 2018, a copy of the foregoing DEFENDANT PLS DIABETIC SHOE COMPANY'S REPLY TO RELATOR'S OPPOSITION TO PLS'S MOTION FOR JUDGMENT ON THE PLEADINGS, along with supporting documents, were filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's EM/ECF System.

By:     */s/ Edgar Martirosyan*

          Edgar Martirosyan, Esq.